[No. 16024.	Department Two.—December 20, 1895.]

# E. SCHWIESAU, APPELLANT, v. T. J. MAHON ET AL., RESPONDENTS.

110 543
124 340
124 461

STREET ASSESSMENT—LIEN IN INVITUM—STRICT COMPLIANCE WITH STATUTE—EQUITIES OF CLAIMANT.—In order to fix upon property the lien of a street assessment, every requirement of the statute that could be of benefit to the person to be charged with the lien must be strictly complied with; nor can the equities of the claimant be regarded where there is no such compliance.

ID.—NECESSITY OF WRITTEN CONTRACT—ABSENCE OF SPECIFICATIONS—VOID CONTRACT — NO LIEN FOR PROPER WORK.—The statute requires the contract to be in writing, and signed by the contractor; and, where the contract signed does not define the work to be done, nor refer to any specifications in which it is described, there is no valid contract for the work, and therefore no valid lien of a street assessment, although the work may have been done strictly in accordance with the specifications referred to in the advertisement for bids.

ID.—INSUFFICIENCY OF BOND—OBLIGATION OF SURETIES—CORRECTION OF CONTRACT UPON APPEAL.—The bond required of the contractor, to be valid, must be conditioned that the contractor will perform the contract entered into by him, and a defect in the contract as to specifications for the work cannot be corrected by an appeal to the board, which cannot provide sureties for its performance, without which there can be no binding contract; and the original sureties are entitled to stand upon the letter of the original contract, and cannot be bound by any correction thereof upon appeal.

APPEAL from a judgment of the Superior Court of Marin County and from an order denying a new trial. J. M. SEAWELL, Acting Judge.

The facts are stated in the opinion of the court.

*D. H. Whittemore*, for Appellant.

The board, after having acquired jurisdiction so to do, ordered the work to be done in accordance with specifications "on file and filed July 7, 1890." The superintendent of streets advertised for proposals as directed to do the work according to the specifications so on file; the contractor bid to do the work in accordance with the specifications so on file, and the board awarded the contract in accordance therewith. Here was a complete contract. (*Chambers* v. *Satterlee*, 40 Cal. 497.) The contract to do the work in accordance with the specifications on file was complete when the bid was accepted. (*Chambers* v. *Satterlee, supra.*) As the exact contract awarded was entered into, the failure of the superintendent of streets to attach the specifications to the contract was a mere technical error which appeal cures. (*Dyer* v. *Parrott*, 60 Cal. 551.) It was only the contract made by the board that the superintendent of streets had the authority to reduce to writing. (*Chambers* v. *Satterlee, supra; Manning* v. *Den*, 90 Cal. 614; *Mc-Verry* v. *Boyd*, 89 Cal. 304.) If different specifications were attached, the board could order the contract to be reformed and refuse to allow an assessment until the work was made to conform to it. (*Chambers* v. *Satterlee, supra.*) The defect is not jurisdictional. (*Miller* v. *Mayo*, 88 Cal. 568; *Dowling* v. *Altschul* (Cal., July 13, 1893), 33 Pac. Rep. 495; *Jennings* v. *Le Breton*, 80 Cal. 8; *Himmelmann* v. *Hoadley*, 44 Cal. 276; *Boyle* v. *Hitchcock*, 66 Cal. 129; *Frick* v. *Morford*, 87 Cal. 577; *McVery* v. *Boyd, supra; Fanning* v. *Leviston*, 93 Cal. 188, citing *Chambers* v. *Satterlee, supra; Oakland Paving Co.* v. *Rier*, 52 Cal. 270; *Spaulding* v. *North San Francisco etc. Assn.*, 87 Cal. 41; *Shipman* v. *Forbes*, 97 Cal. 572.)

*E. B. Mahon,* for Respondents.

Without the specifications the contract is void. (*Holland* v. *Wilson,* 76 Cal. 434.)   A valid contract between the superintendent of streets and the contractor is absolutely necessary, and, if there is no such contract, there can be no valid assessment. (*Dougherty* v. *Hitchcock,* 35 Cal. 512; *Raisch* v. *San Francisco,* 80 Cal. 1.)   The contract which is the foundation of this suit, and upon which this street assessment is founded, being utterly void, there being in fact, as the court found, no valid contract for doing this work, the assessment, warrant, and all subsequent proceedings were void; and it becomes immaterial whether the trial court erred in other matters, as the same judgment would result, and plaintiff was not prejudiced. (Street Law, Stats. 1889, sec. 3, p. 158; *Dougherty* v. *Hitchcock, supra; Worden* v. *Hammond,* 37 Cal. 63; *Willamette etc. Co.* v. *College Co.,* 94 Cal. 233; *Boydell* v. *Drummond,* 11 East, 157; *Manning* v. *Den,* 90 Cal. 614, 615; *Fanning* v. *Schammel,* 68 Cal. 429.)

TEMPLE, J.—By this action it was sought to foreclose the lien of a street assessment.   The court held that there was no valid contract for the work, and therefore no lien.

Defendant put in evidence, at the trial, the contract entered into by the plaintiff.   By it plaintiff agreed to do all the work necessary to be done to grade Fifth street in the town of San Rafael, and to construct curbing and rock gutterways along both sides of said Fifth street, between certain points named, "All in strict accordance with the specifications hereto annexed and made a part of this contract, and also that he will furnish, at his own cost and expense, all necessary material required for the execution and completion of said work, and in full accordance with said specifications and to the satisfaction of the said superintendent of streets."

No specifications were attached to the contract, and it was shown by the evidence of the street superintendent that none had ever been attached thereto.

Plaintiff contends that, inasmuch as bids were received to do the work in accordance with the specifications, which, in the advertisement for bids, were specifically referred to, and as the superintendent of streets was not authorized to reduce to writing any other contract than that made by the board, there could be no mistake as to the specifications, and, as the work has been done strictly in accordance with them, the objection cannot now be made.

If the contract were one entered into by the taxpayer individually, there would be no answer to this position. But this is a proceeding to fix upon property a lien, *in invitum*, and it has been held that in such case every requirement that could be of benefit to the person to be charged must be complied with.

It cannot be said that there is no possible benefit to the owner in having a written contract signed by the contractor. In this case the contractor was required to give a bond with sureties for the faithful performance of the contract. This bond, to be valid, must be conditioned that the contractor will perform the contract entered into by him. Sureties are bound only and may insist upon the very letter of their contract. In this case would there be any contract by which they would be bound? The statute requires the contract to be in writing and signed by the contractor. The contract signed does not define the work to be done, nor does it refer to any specifications in which it is described. It not only does not refer to specifications filed, but negatives such reference by express reference to those attached.

It is said that the owner might have had this corrected by appeal to the board. But an appeal to the board could not have provided the security by a written contract, and sureties for its performance without which there was no binding contract. If the assessment had been vacated and the work rejected it would not then have been in the power of the board to supply this defect. (*Manning* v. *Den*, 90 Cal. 614.) In that case

*Dougherty* v. *Hitchcock*, 35 Cal. 524, was expressly affirmed, and if *Chambers* v. *Satterlee*, 40 Cal. 497, contains anything contrary to this doctrine, it was, so far, overruled in *Manning* v. *Den, supra.*

The case seems a hardship, but it must be remembered that it is a proceeding to charge one with the cost of improvements for which he has not contracted. The liability depends upon a strict compliance with the law, and not upon the equities of the claimant.

The judgment and order are affirmed.

McFARLAND, J., and HENSHAW, J., concurred.