[S. F. No. 941. In Bank.—May 23, 1899.]

GEORGE F. GRAY et al., Appellants, v. GEORGE L. RICHARDSON, Superintendent of Streets, et cetera, Respondent.

STREET IMPROVEMENT—INVALID CONTRACT—SPECIFICATIONS NOT ANNEXED. A contract for a street improvement which requires the work to be done in accordance with specifications declared to be annexed to the contract and made part thereof is invalid, if no specifications are shown to have been prepared, and none appear ever to have been annexed to the contract.

ID.—MANDAMUS TO COMPEL ASSESSMENT.—If no valid contract has been made for doing the work, the superintendent of streets is justified in refusing to issue an assessment therefor, and *mandamus* will not lie to compel him to issue it.

APPEAL from a judgment of the Superior Court of Marin County and from an order denying a new trial.  F. M. Angellotti, Judge.

The facts are stated in the opinion of the court.

Fisher Ames, for Appellants.

E. B. Mahon, and E. H. Boyen, for Respondent.

HARRISON, J.—The plaintiffs applied to the superior court for a writ of mandate compelling the defendant, as superintendent of streets of the city of San Rafael, to issue to them an assessment for certain work done in the improvement of a street in said city under a contract alleged to have been entered into between them and the predecessor in office of the defendant.  In his answer to their petition, the defendant, in addition to other defenses set forth by him, alleged that no valid contract for do-

ing the work named in their petition had ever been entered into by the superintendent of streets of said city with the plaintiffs' assignor, or with any other person. Upon this issue the court found in favor of the defendant, and denied the plaintiffs' application for the writ. The plaintiffs moved for a new trial upon the ground that this finding was not sustained by the evidence. Their motion having been denied, they have appealed therefrom, and also from the judgment denying their application.

The contract for doing the work for which the plaintiffs sought an assessment was offered in evidence at the trial, and provided that the contractor (the assignor of the plaintiffs) should do and perform under the direction of the superintendent of streets, and furnish materials therefor, all the work necessary to be done to construct concrete sidewalks upon a portion of Fifth street in said city, "all in strict accordance with the specifications hereunto annexed and made part of this contract." There were no specifications annexed to the contract, nor was it shown that any specifications had ever been prepared for signature or annexed thereto, and there was testimony that shortly after the contract was executed and filed in the superintendent's office it was examined by the witness, and that no specifications were then annexed thereto. This evidence was ample to sustain the finding of the court that no valid contract for doing the work for which the assessment was sought was ever made between the superintendent of streets and the plaintiffs' assignor, or any other person. The failure to annex the specifications to the contract rendered the contract invalid as the foundation of an assessment (*Schwiesau v. Mahon,* 110 Cal. 543); and, if no valid contract had been made for doing the work, the defendant was justified in refusing to issue an assessment therefor, and the court correctly denied the application of the plaintiffs.

As this finding requires an affirmance of the judgment of the superior court, a discussion of the other propositions presented upon the appeal is unnecessary.

The judgment and order are affirmed.

Van Dyke, J., Garoutte, J., McFarland, J., Temple, J., and Henshaw, J., concurred.