## HORKAN v. CITY OF MOULTRIE.

1. Under the charter of the City of Moultrie (Acts 1913, p. 1062) the authorities of that city have the power and authority by ordinance to grade, pave, macadamize, or improve, for travel or drainage, any of the streets, alleys, or ways of the city, and to assess two thirds of the cost of such grading, paving, macadamizing, or improving against the owners of the property abutting on each side of the streets, alleys, or ways so graded, paved, macadamized, or improved, according to the frontage owned by each on such streets, alleys, or ways, etc.

(a) The charter of the City of Moultrie does not require an itemized statement of the cost of paving the streets adjacent to the abutting property, *preliminary* to such paving, to be served on the abutting property owner.

(b) The act of 1913, supra, and the ordinances passed by the mayor and aldermen of the City of Moultrie, authorize the execution of the provisions of the ordinance by administrative officers of the city; and this would include the auditing of the bills and ascertaining the cost of the work, the measurement of the frontage of owners of abutting property, and the apportionment of two thirds of the whole cost amongst the several abutting owners according to the frontage of each, and to issue execution against an abutting property owner who fails or refuses to pay the cost of improvements made in conformity to the act and ordinance.

2. The portion of the charter of the City of Moultrie under review (Acts 1913, p. 1063, par. 3), does not offend the due-process-of-law clauses of either the Federal or State constitution. Where an act of the legislature authorizes the paving of streets in a city, and the collection of special assessments against abutting land by execution, and provides that the owners of such land may file an affidavit of illegality and may contest the whole or any part of the amount claimed, the levy of the assessment is not void on· the ground that the owner is not afforded due process of law.

3. The court did not err in his ruling on the demurrer to the affidavit of illegality, nor in overruling the motion for new trial.

No. 3029. NOVEMBER 16, 1922.

Affidavit of illegality of execution. Before Judge Thomas. Colquitt superior court. December 3, 1921.

In May, 1920, the City of Moultrie adopted an ordinance for the paving of certain of its streets. This ordinance was duly published in accordance with section 5 of the act of the legislature (Ga. L. 1913, p. 1064). After the streets were paved the City of Moultrie issued a fi. fa. in rem against the abutting property of G. A. Horkan, and levied the same upon his abutting property. To this levy Horkan filed an affidavit of illegality, raising a number of questions, the main ones being that the city authorities had not furnished him with an itemized statement of the various items which made up the cost of the paving of the street in front of his property; that the amendment to the charter of the City of Moultrie, as contained in the Acts of the legislature of 1913 (Acts 1913, p. 1062 et seq.), is unconstitutional for the reason that it does not afford to the taxpayer due process of law. A demurrer was filed to the affidavit of illegality on the following grounds:

" Plaintiff moves to strike said affidavit, for the reason that same fails to set out any valid or legal reason why said fi. fa. should not proceed.

" Special: 1. Plaintiff demurs specially to paragraph one of the affidavit, for the reason that there is now [no] law requiring any service or notice.

" 2. Plaintiff demurs specially to paragraph two: (a) Because there is no law requiring any assessment roll to be filed as alleged. (b) Because there is no law requiring any notice to be served on defendant. (c) Because defendant does not specify what matters he was entitled to notice in.

" 3. Plaintiff moves to strike so much of pargraph three as re-

lates to a hearing, for the reason that the same is not required by any law.

"4. Plaintiff demurs specially to paragraph four: (*a*) Because it does not allege in what manner the ordinance was not properly published; that is, whether in the proper paper, at the proper time, or otherwise. (*b*) Because it does not allege in what manner it was not properly passed by the mayor and aldermen; that is, whether there was a lack of quorum, insufficient number of readings, or otherwise. (*c*) Because there is no law requiring an itemized statement to be attached to said ordinance, nor to be filed.

"5. Plaintiff demurs to paragraph five: (*a*) Because same does not allege that said alleged ordinance of March 17, 1914, was in force at the date of the assessment. (*b*) Because said ordinance is not specially pleaded or set out in said affidavit.

"6. Plaintiff moves to strike paragraph nine, for the reason that there is no law requiring any notice of the time or place of making the assessment.

"7. Plaintiff moves to strike paragraph ten as irrelevant.

"8. Plaintiff moves to strike paragraph eleven as irrelevant.

"9. Plaintiff moves to strike paragraph twelve as irrelevant.

"10. Plaintiff demurs specially to paragraph thirteen, for the reason that said paragraph fails to allege definitely the amount charged to be an unauthorized charge against the property for water drainage and storm sewers.

"11. Plaintiff demurs to each and every allegation in paragraph fourteen, for the reason that as a matter of law defendant is not entitled to any of the privileges therein set out."

The court sustained the demurrer as to the constitutionality of the act of the General Assembly of 1913, holding the amendment to the charter of the City of Moultrie to be constitutional. At the same time the court sustained "special demurrers 4, 8, and 12," to which ruling the defendant excepted pendente lite. The case was then submitted to the court without the intervention of a jury, upon the following agreed statement of facts: "On — day of May, 1920, City of Moultrie duly passed an ordinance for the paving of a certain part of First Avenue Southeast in said city, a copy of said ordinance is hereto attached and marked 'Exhibit A.' Subsequently, to wit, on the 28 day of May, 1920,

City of Moultrie caused the aforesaid ordinance to be duly published in the Moultrie Observer, same being the newspaper in Colquitt County in which sheriff's advertisements are published. Subsequently said street was paved, and an assessment-roll covering the cost of said paving, and fixing proportionate cost of said paving to said city and the owners of property abutting on said street, was made and filed, and the roll is hereto attached and marked 'Exhibit B.' Subsequently, on the 19th day of Oct., 1920, City of Moultrie duly passed an ordinance approving said assessment-roll and ordering·clerk to issue fi. fas. thereunder against abutting-property owners; a copy of said ordinance is hereto attached and marked 'Exhibit· C.' Subsequently City of Moultrie mailed to each abutting-property owner a statement of his paving account; a copy of said statement is hereto attached and marked 'Exhibit D.' Subsequently the city clerk issued a fi. fa. against abutting owners and abutting property herein; and abutting owner filed the illegality, which draws the issue in this case. It is agreed that the attached copies of documentary evidence be used in lieu of originals or certified copies thereof. It is agreed that presiding judge may pass upon the within illegality, without intervention of a jury."

After hearing the evidence the court dismissed the affidavit of illegality and ordered the fi. fa. to proceed. Horkan filed a motion for new trial, which was denied, and he excepted.

*Kline & Moore, Benson & Shipp,* and *Dowling & Whelchel,* for plaintiff in error. *P. Q. Bryan,* contra.

HILL, J. (After stating the foregoing facts.)

1. Substantially the same questions are raised in the exceptions to the ruling of the court on the demurrer as in the exceptions to the overruling of the motion for new trial, and they will therefore be considered together. From the agreed statement of facts it appears that the City of Moultrie, in May, 1920, passed an ordinance for the paving of a certain part of a certain street in that city, and made an assessment against the abutting-property owners, as provided by the act of 1913 (Acts 1913, p. 1062); and that subsequently the city caused the ordinance to be published in the newspaper in which sheriff's advertisements are published in that county. The paving was laid, and an "assessment-roll" covering the cost of the paving, and fixing the proportionate cost of the same to the city and the owners of the property

abutting on the street, was made and filed. Subsequently, in October, 1920, the city passed an ordinance approving the assessment-roll and ordering the clerk to issue fi. fas. against abutting-property owners. Thereafter the city mailed to each abutting-property owner a statement of his paving account, and in default of payment issued fi. fas. in accordance with sec. 59, par. 3 of the act of 1913. This action on the part of the City of Moultrie is attacked by the plaintiff in error, upon several grounds. One ground of attack is that the ordinance of the City of Moultrie which provided for the paving of the streets of the city, and under which the fi. fa. was issued against the plaintiff in error, was void for the following reasons: (*a*) It did not have attached to it an itemized statement of the cost of the paving. (*b*) It did not provide for any notice to the abutting-property owners of the time of the paving and the cost of paving, and did not provide for any hearing of any objections to be filed or heard by any abutting-property owner to the paving, the cost of same, or the manner in which same was to be done, or the necessity or advisability of same, etc. From an inspection of the act of 1913, supra, it will appear that it does not provide for such a statement of the cost of paving, nor is there anything in the ordinance of the city requiring such a statement to be made up and furnished to the abutting-property owner in advance of the paving.

In *Bacon* v. *Savannah, 86 Ga.* 301 (12 S. E. 580), this court held: "The statute requires no assessment to be made by ordinance, save that which fixes the proportion of cost to be paid by the city as a municipality and by abutting owners respectively. Nor does it require *preliminary estimates of amounts* [italics ours], or that amounts be otherwise ascertained and fixed by the ordinance. As the ordinance places the execution of its provisions in the hands of the committee on streets and lanes, the ministerial duties of that committee would include the auditing of bills and ascertaining the actual cost of the work, also the measurement of frontage and the apportionment of two thirds of the whole cost amongst the several abutting owners according to the frontage of each. The legality and accuracy of these ministerial acts are open to question on a general affidavit of illegality to the execution." That decision is applicable here. By reference to the act of 1913, supra (sec. 59, par. 2, p. 1063), the city is em-

powered to grade, pave, macadamize, or improve for travel or drainage any of .the streets, alleys, or ways of the city and to assess two thirds of the cost of such grading, paving, macadamizing, or improving, according to the frontage owned by each property owner on such streets. The language in the act of 1913 is as broad, or broader, than the language under consideration by this court when it decided the *Bacon* case, in construing the acts of 1885 and 1887. The legislature, therefore, has placed the question of arriving at the proper amount and the various items which make up the amount necessary to pave the streets in the city authorities of Moultrie by charter; and the legality and accuracy of the acts of the city authorities may be questioned on the hearing of an issue made by an affidavit of illegality filed to the execution, as in the *Bacon* case. No question is raised here as to excessive charges being made in making up the various items which entered into the paving of the streets..

2. The charter of the City of Moultrie, as contained in the act of 1913, supra, is attacked as not affording due process of law, as provided for under the fourteenth amendment to the constitution of the United States, and by art. 1, sec. 1, par. 3, of the constitution of Georgia (Civil Code of 1910, § 6359). Section 59, par. 3, of the charter of the City of Moultrie (Acts 1913, p. 1064) provides: "To an execution issued under the provisions of this section the defendant shall have the right to file an affidavit denying that the whole or any part of the amount for which execution is issued is due, and the reason why same is not due," etc. This language in the charter is sufficiently broad and comprehensive to authorize the abutting-property owner, who may deny that the whole or any part of the amount for which the execution is issued for the improving of the streets upon which he is an abutting-property owner is due, and to have his hearing and day in court.

In *Speer* v. *Athens,* 85 *Ga.* 49, 59 (11 S. E. 802, 9 L. R. A. 402), the act which was being considered in that case provided that when execution is issued for the amount of the assessment he may file an affidavit denying the whole or any part thereof, which affidavit is made returnable to the superior court, and the issue thereon to be tried and determined as in cases of illegality. It was held in that case that "At such hearing he may show fraud or

mistake, error or excess in the amount of the execution, want of statutory authority to support the assessment, or failure to comply with the provisions of the statute and the ordinances in pursuance thereof."

In *Sanders* v. *Gainesville,* 141 *Ga.* 441 (2) (81 S. E. 215), this court held that " Where an act of the legislature, authorizes the paving of streets in a city, and the collection of a special assessment against abutting land by execution, and provides that the owners of such land may file an affidavit of illegality and may contest the whole or any part of the amount so claimed, the levy of the assessment is not void on the ground that the owner is not afforded due process of law." In delivering the opinion of the court in the *Sanders* case Mr. Justice Atkinson said: " Provision is made for a remedy by illegality, by which a property owner is afforded a hearing as to the reasonableness or lawfulness of the assessment before he is finally required to pay the assessment. Having such a remedy, the property of abutting-land owners is not taken without due process of law. *Shippen Bros.* v. *Elliott,* 134 *Ga.* 699 (68 S. E. 509)." And see *Lanham* v. *City of Rome,* 136 *Ga.* 398 (71 S. E. 770). In so far as the publication by the mayor and aldermen, after the passage of the ordinance by them in reference to paving and curbing the streets of Moultrie, complies with the act of 1913, under which act they were passed, see *Monk* v. *City of Moultrie,* 145 *Ga.* 843 (2) (90 S. E. 71), as being controlling upon that point.

The decisions of this court cited above are in accord with the rulings made by the Supreme Court of the United States on similar questions. In 11 Fed. Stat. Ann. (2d ed.) the rule is thus stated: " A State statute authorizing the cost of improvement of streets and other ways to be assessed against the owners of lots, and giving a lien thereon for such assessment, subjecting the power vested in the local government to the supervision of the courts where the particular facts in each case could be examined and the controversies determined by those rules and principles which have always governed courts in dealing with questions of assessment and taxation, does not deprive the owners of such lots of property without due process of law." And to the same effect is Walston *v.* Nevin, 128 U. S. 578, 581 (9 Sup. Ct. 192, 32 L. ed. 544).

In Wagner *v.* Leser, 239 U. S. 207 (36 Sup. Ct. 66, 60 L. ed. 230), the Supreme Court held: "Where the classification of property to be improved and the assessment are fixed by the statute itself and a specified sum fixed ratably according to area of the property, notice and hearing as to amount and extent of benefits are not required, in the absence of abuse of power, in order to render such legislative action due process of law." Mr. Justice Day, in delivering the opinion of the court, said: "Taking the decisions of this court together, we think that it results that the legislature of a State may determine the amount to be assessed for a given improvement, and designate the lands and property benefited thereby, upon which the assessment is to be made, without first giving an opportunity to the owners of the property to be assessed to be heard upon the amount of the assessment or the extent of the benefit conferred." And see Withnell *v.* Ruecking Construction Co., 249 U. S. 63, 68 (39 Sup. Ct. 200, 63 L. ed. 479), where it was held: "When an assessment for a local improvement is made in accordance with a fixed rule prescribed by legislative act, the property owner is not entitled to be heard in advance on the question of benefits." In the case last cited the following language is used: "In support of the constitutional objection it is contended that the plaintiff in error was not allowed to be heard as to the validity and apportionment of the assessment, and was therefore denied due process of law. The charter provision for notice and hearing is inserted in the margin. But whether a property owner is entitled to be heard in defense upon the question of benefit and apportionment depends upon the authority under which the assessment is made. When the assessment is made in accordance with a fixed rule adopted by a legislative act, a property owner is not entitled to be heard in advance on the question of the amount and extent of the assessment and the benefit conferred." Citing French *v.* Barber Asphalt Pav. Co., 181 U. S. 324 (21 Sup. Ct. 625, 45 L ed. 879). See also Embree *v.* Kansas City etc. Road Dist., 240 U. S. 242 (36 Sup. Ct. 317, 60 L. ed. 624).

The case of Turner *v.* Wade, 254 U. S. 64 (41 Sup. Ct. 27; 65 L. ed. 134), cited by counsel, is distinguishable from the present case. In that case the Supreme Court held that under the facts of that case the plaintiff in error was not afforded due

process of law, for the reasons therein given; but in the instant case the plaintiff in error has a right, under the charter of the City of Moultrie, to contest the assessment, by express provision in the charter itself.

3. Applying the rulings made in the foregoing divisions of the opinion to the facts of this case the court did not err in his rulings upon the demurrer, nor in overruling the motion for new trial. The other grounds of the motion for new trial not specifically dealt with are without merit.

*Judgment affirmed. All the Justices concur. Atkinson, J., concurs in the result.*