### City of Waycross et al. v. Cowart et al.; et vice versa.

Atkinson, J.  1. The act approved August 22, 1905 (Acts 1905, p. 1220), amending the charter of the City of Waycross by conferring authority upon the mayor and council in their discretion to grade, pave, macadamize, and otherwise improve for travel and drainage the streets and

Constitutional Law, 12 C. J. p. 1263, n. 9.
Equity, 21 C. J. p. 182, n. 99.
Municipal Corporations, 28 Cyc. p. 946, n. 74; p. 954, n. 78; p. 1123, n. 29; p. 1156, n. 70 New; p. 1173, n. 6; p. 1174, n. 12; p. 1188, n. 49.

46

public lanes and alleys of the city, and to assess the cost of the improvement on the real estate abutting on the street, and to enforce collection of the amount of the assessments by execution against the real estate and the owner thereof, provides also "that the defendants shall have the right to file an affidavit denying that the whole or any part of the amount for which said execution issued is due, and stating what amount he admits to be due, which amount so admitted to be due, with all costs, shall be paid and collected before the affidavit is received, and the affidavit shall be received for the balance, and such affidavit so received shall be returned to the superior court of Ware County and there tried and the issue determined as in cases of illegality, subject to all the pains and penalties provided in cases of illegality for delay."

*Held,* that the provision of the statute affording a defendant a remedy to resist collection of assessments against abutting property for paving a street, as stated above, affords the property-owner opportunity to be heard as to the legality of the assessment and the amount thereof; and consequently a paving assessment made by the city is not repugnant to the State or Federal constitution on the ground that it deprives the owner of the property without due process of law. *Sanders* v. *Gainesville,* 141 *Ga.* 441 (2) (81 S. E. 215); *Horkan* v. *Moultrie,* 154 *Ga.* 444 (2) (114 S. E. 888); *Faver* v. *Washington,* 159 *Ga.* 568 (2) (126 S. E. 464).

2. Prior to the bond-commission act for Ware County, approved August 6, 1925 (Acts 1925, p. 1550), the charter of the City of Waycross as several times amended authorized the municipal authorities to establish and change the grade of any streets, avenues, lanes, and other public places in the City of Waycross, and to improve the same by curbing, paving, macadamizing, etc., and, relatively to streets not occupied by street-railroads or other railroads, to assess two thirds of the costs of the improvement against abutting lots and their owners, and to pay the other third from any funds of the city. *City of Waycross* v. *Tomberlin,* 146 *Ga.* 504 (91 S. E. 560); Acts 1925, p. 1557. In section 4 of the bond-commission act it was provided that if any of the highways to be constructed or improved under the act "shall be within the corporate limits of the City of Waycross, Ware County, Georgia, . . said Bond Commission, may, in its discretion, appropriate and pay over to the municipal authorities of said City of Waycross the sum of $60,000.00, or such part thereof as may in their discretion seem proper, for the construction and permanent improvement, with brick, asphalt, concrete, or similar material, of such roads, highways, or streets, forming a part of the county or State system of highways, upon said municipal authorities agreeing by proper resolution or ordinance to raise not less than a similar sum or sums for the construction or permanent improvement with brick, asphalt, concrete, or similar material of such roads, highways, or streets, from any fund or funds said municipality may have available, or be assessed against abutting or adjoining property and the owners thereof." After the passage of the act last above mentioned, a general law was enacted which was approved August 22, 1925 (Acts 1925, p. 152), authorizing counties "to co-operate . . with any municipality within such county in the construction, repair, and im-

provement of any roads, streets, and street pavement on any streets or roads within such municipality which form part of a county or State system of highways." The act provided that in any case where the streets of a municipality are improved or paved under the provisions of the act, the municipality may exercise any power provided in its charter or ordinances or in the general laws of the State for the assessment of the costs of any part of the improvement against abutting or adjoining property and the owners thereof; and that where by charter provisions, ordinances, or the general law of the State, the municipality is not authorized to assess the entire cost of paving or improvement against adjoining and abutting lands and the owners thereof, and it is provided that a portion of the expense shall be borne by the municipality, the proportion of the expense agreed to be paid by the county acting with the municipality under the terms of this act may be credited by the municipality to its part of the expense under the terms of its charter, ordinances, or the general law, and assessments against abutting and adjoining property and the owners thereof for the remainder of the whole costs of such pavement or other improvement shall be legal and binding; provided, that no greater proportion of the entire cost than is provided by charter, ordinances, or the general law of the State is assessed against such abutting or adjoining property and the owners thereof. *Held:*

(*a*) The city had charter authority to cause streets that were parts of the system of highways of the county and State to be paved, and to assess a portion of the cost of the improvement against abutting property and the owners thereof.

(*b*) When the county Bond Commission appropriates money to the City of Waycross for the pavement of particular streets within the city as parts of the system of highways of the State and county under the provisions of the said bond-commission act, and the city under its charter powers causes the streets to be paved on the basis of assuming one third of the cost of the improvement and assessing the remaining two thirds against abutting lots and their owners, the city may apply the whole of the amount appropriated by the county to its pro rata of the cost of the improvement.

3. If the assessments were illegal merely on account of the failure of the municipal authorities to strictly comply with the charter in regard to the manner of passing ordinances and failure to make contracts as provided by law, and, in instances where contracts were made that provided for a parkway to be left in the middle of the street, departing from the contract so as to cause the paving of the street for the entire width, the plaintiffs could not stand by and see the work of paving completed without objecting thereto, and acquire the benefits thereof, and then come into equity without doing or offering to do equity, which in the circumstances of the case would require them to pay or offer to pay the value of the work. *Mayor &c. of Macon* v. *Huff*, 60 *Ga.* 221 (3); *Montgomery* v. *Atlanta*, 162 *Ga.* 534 (4) (134 S. E. 152, 47 A. L. R. 250).

(*a*) There was no allegation that the improvement was defective, or that it was not beneficial to the plaintiffs, or that the cost of the improvement was excessive.

(*b*) The case on its facts differs from *Sanders* v. *Gainesville*, supra, and *Hall* v. *Macon*, 147 *Ga.* 704 (95 S. E. 248), where no ruling was made with reference to the principle that a party complaining in equity must do equity before he will be entitled tô equitable relief.

4. Under application of the foregoing principles the petition failed to allege a cause of action for injunctive relief as against any part of the assessment, and the court erred in refusing to sustain the demurrers.

5. The error in refusing to sustain the general demurrers rendered all further proceedings nugatory.

*Judgment reversed on the main bill of exceptions. Cross-bill of exceptions dismissed. All the Justices concur, except Gilbert and Hines, JJ., who dissent.*

Nos. 5694, 5696. SEPTEMBER 9, 1927. REHEARING DENIED
SEPTEMBER 22, 1927.

Injunction. Before Judge Knight. Ware superior court. October 18, 1926.

The City of Waycross caused several of its streets to be paved, including State, Church, and Hicks Streets. The paving was done by the MacDougald Construction Company. The paved portions of all the streets radiated from the court-house of Ware County and connected at the city limits with different State highways, thereby forming parts of the State's and county's system of highways. The improvements were made under a plan whereby the city should assume payment of one third of the cost and assess the remaining two thirds proportionately against the abutting lots on the several streets. Shortly after all the pavements were finished and certain assessments were levied and other assessments were about to be levied, several of the owners of the lots abutting on each street, as such owners and as citizens and taxpayers of the City of Waycross and Ware County, instituted an action to enjoin the levy and collection of the assessments. The petition alleged, that, relatively to all the streets except Hicks Street, the pavement was done under a written contract made in pursuance of an ordinance dated September 8, 1925, and that the city, without having entered into any formal contract, "permitted" the construction company to pave Hicks Street under another ordinance dated March 23, 1926. All the assessments were alleged to be illegal. The two ordinances were alleged to be void on the following grounds:

(*a*) Because they were not adopted as provided by the laws and ordinances of the city, in that there was in existence an ordinance dated March 8, 1910, providing "that every bill shall

be read twice—that is, once at two distinct meetings of council, before it passes into an ordinance, unless in case of emergency, when the bill may be read twice by unanimous consent at the same session and passed," and there was also in existence section 13 of the new charter of the city (Ga. Laws 1922, pp. 1087, 1092), which contained the provision: "Except as changed or modified by the terms of this act, all rules of procedure now in force with reference to the handling of business and passage of ordinances by the mayor and council under the present charter shall continue of force until changed or modified by the Commission;" that there was also in existence section 14 of the charter of the city, in which it was provided: "All ordinances and resolutions shall be passed under the same rules and regulations now of force under the present charter of the City of Waycross, except as same may be changed or modified by the terms of this act, or may be hereafter changed or modified by the Commission;" and that, contrary to the above-quoted provisions of the ordinances and charter of the city, the paving ordinances were passed without having been read twice, and no emergency existed so as to bring them within the exception as provided for in the ordinance of March 8, 1910, and therefore the attempt to pass said paving ordinances was futile and the ordinances were void.

(b) Because said ordinances were passed in violation of the second paragraph of section 14 of the charter of the City of Waycross, approved August 16, 1922 (Acts 1922, pp. 1087, 1094), providing: "The ayes and nayes shall be taken upon the passage of all ordinances and resolutions, and shall be entered on the journal of the Commission, and every ordinance and resolution shall require on final passage the affirmative vote of at least three members of said Commission," in that in the passage of the ordinances the ayes and nayes were not taken and were not entered on the journal of the Commission, and it does not appear from the minutes of the Commission that the ordinances were passed by the affirmative vote of at least three members of the Commission.

(c) Because said paving ordinances are violative of the due-process clauses of the State and Federal constitutions, because they provide for the making and collection of assessments of two thirds of the cost of paving against abutting real estate and the owners thereof, without providing for notice to the owners of such abutting

property before the assessments were made, and do not afford the owners a hearing as to the amount or necessity of such assessments. The assessments were alleged to be illegal, because there could be no legal assessment unless it was in virtue of a legal ordinance, and consequently, the ordinances being void for the several reasons indicated above, the assessments were likewise illegal .and void for the same reasons.

An additional attack upon the ordinance of March 23, 1926, relating only to Hicks Street and the lawfulness of the paving done thereon, was that the ordinance was in conflict with section 234 of the City Code of 1915, providing: "All contracts or work done by outside parties over $100.00, other than by city employees, shall be let to the lowest bidder or bidders. That the same specifications of the work to be done or contract to be let be furnished all parties that wish to bid on same. Also that the city ask for bids for a period of ten days in the official newspaper of the city, reserving the right to reject any and all bids," and was also in conflict with section 23 of the amendment to the charter of Waycross, approved August 16, 1922 (Acts 1922, pp. 1087, 1099), which in part provides: "All purchases and sales shall conform to such rules and regulations as the City Commission may from time to time prescribe. In all cases where an amount in excess of $100.00 is involved, opportunity for competitive bidding shall be given, after due advertisement thereof in manner to be prescribed by the Commission." It was alleged that the said paving ordinance relating to Hicks Street provides that the paving "shall be done by the City of Waycross, on contract to be let by the city, or by employees engaged by the city under competent supervision by the city," and does not provide for the letting of the contract "to the lowest bidder or bidders," and does not require the city to "ask for bids for a period of 10 days in the official newspaper of the city," as provided in the said section of the City Code. In this connection it was also alleged that the ordinance was void and the work under authority of the ordinance done on Hicks Street was without any lawful authority, because it involved the expenditure of more than $500, and was done without any legal contract made after proper advertisement as required by section 43 of the new charter of the City of Waycross, approved August 17, 1909 (Acts 1909, pp. 1456, 1492), which provides: "That all bids for con-

tracts for labor or materials to be furnished said city, or for work to be done in the interest of said city, which shall exceed the sum of five hundred ($500.00) dollars in amount, shall be advertised by the city department in which said work, labor, or materials properly belong, in a daily newspaper published in the City of Waycross once a week for not less than two weeks; and said contract shall be awarded to the lowest and best bidder, unless all bids are rejected after having been first approved by a majority vote of the city council. Contracts involving five hundred ($500.00) dollars or less, shall be made by the mayor and aldermen. This section shall not abridge the power of the city to do all necessary work, by its own employees, whenever, in the judgment of the city council, the same can be done more effectively or economically."

Other grounds of attack upon the assessments for all the streets were: (a) that the ordinances required the city to bear one third of the whole cost of the improvements, which the city was not doing, because it was applying approximately the whole of $60,000 appropriated by the Bond Commission of Ware County, under the act of 1919 (Acts 1919, p. 767), to the city's one third, whereas said amount should have been applied to the whole cost of paving, thus allowing the property owners to participate in the benefits of the appropriation; (b) that the city was without authority to assess any part of the cost of the improvement against the property-owners, because the streets are parts of the State and county system of highways for which there had been a bond issue voted by the people of Ware County, approximating $600,000, to be expended as provided in section 4 of the bond-commission act (Acts 1919, p. 767), and consequently as a matter of law the duty of paving the streets is upon the Bond Commission of Ware County, and is not within the authority of the city. Another attack was made upon the assessments relating to Church and State Streets, on the ground that the ordinances and contract provided for the pavement of these streets with a parkway eight feet wide at the center, whereas, without any ordinance or contract therefor, the pavement was made solid without any provision for the parkway, and the assessments would thus cover more pavement than the ordinance and contract authorized, and would be unlawful and opposed to the due-process clauses of the State and Federal constitutions. Other allegations were: "That although the act approved August

22, 1905 (Georgia Laws, 1905, p. 1220), amending the charter of Waycross, provides for the filing of affidavits of illegality under certain conditions, there is in this case a mass attack by various owners of abutting property on the streets being paved by the City of Waycross under the ordinances referred to upon the legality of the assessments for such paving, and the remedy provided by illegality is not as adequate and complete as the remedy by injunction, and to prevent a multiplicity of suits a court of equity should intervene and interfere by injunction in this case."

Demurrers and answers to the petition were filed. At an interlocutory hearing the judge overruled the demurrers, and granted an injunction against collection of assessments for pavement of Hicks Street, and directed that the amount appropriated by the County Bond Commission be applied to the total cost of paving the streets, leaving the balance to be borne in the ratio of one third by the city and two thirds by the abutting-property owners, and enjoined collection of the assessments for State and Church Streets and for all other streets unless the city should apply the amount received from the Bond Commission as directed and stated above. The defendants excepted to the overruling of the demurrers, and to the order in so far as it granted injunctive relief. The plaintiffs filed a cross-bill of exceptions to so much of the order as refused other injunctive relief.

*Jerome Crawley, Wilson, Bennett & Pedrick,* and *Spalding, Mac-Dougald & Sibley,* for City of Waycross.

*A. B. Spence* and *D. M. Parker,* contra.