HARP *et al. v.* MAYOR &c. OF FORSYTH *et al.*

No. 17762. Submitted February 11, 1952—Decided March 10, 1952—Rehearing denied March 25, 1952.

*A. M. Zellner* and *Hugh Sosebee,* for plaintiffs.

*Williams & Freeman,* for defendants.

ATKINSON, Presiding Justice. (After stating the foregoing facts.) Section 66 of the City Code of Forsyth, authorizing the paving of streets, referred to in the statement of facts, is a codification of section 3 of the act (Ga. L. 1920, p. 990), being an amendment to the city charter. Section 4 of the above act, after providing for the collection of any assessment, declares: "The owner of said real estate shall have the right to file his affidavit denying the whole or any part of the amount for which the execution was issued and stating the amount that he admits due, which amount admitted to be due, together with all costs, shall be paid before the affidavit is received."

Where an act of the legislature authorizes the paving of streets in a city and the collection of a special assessment against abutting land by execution, and provides that the owners of such land may file an affidavit of illegality and may contest the whole or any part of the amount so claimed, the levy of the assessment is not void on the ground that the owner is not afforded due process of law. *Sanders* v. *City of Gainesville,* 141 *Ga.* 441 (2) (81 S. E. 215); *Horkan* v. *City of Moultrie,* 154 *Ga.* 444 (2) (114 S. E. 888); *Faver* v. *City of Washington,* 159 *Ga.* 568 (2) (126 S. E. 464); *City of Waycross* v. *Cowart,* 164 *Ga.* 721 (1) (139 S. E. 521). Applying the foregoing principle, the act of 1920 and the ordinance passed in pursuance thereof, were not unconstitutional as violative of the due-process clauses of the State and United States Constitutions.

Nor is the act complained of illegal and unjust, as contended, in that the municipal authorities are attempting to make the owners of the abutting property liable for two-thirds of the total cost of the improvement without requiring the city and the general public to pay for such improvement in proportion to the benefit derived therefrom. *Walthour* v. *City of Atlanta,* 157 *Ga.* 24 (1c) (120 S. E. 613). A different ruling is not required by *Mayor &c. of Savannah* v. *Knight,* 172 *Ga.* 371 (157 S. E. 309), which involved the repaving of a street that was sufficient for ordinary traffic.

Another insistence is that the assessments are illegal because the contract is too indefinite, and the city did not require a bond from Nash as required by Code § 23-1705. The contract providing for the paving of various streets, including the one in question, was entered into on May 19, 1951, and each of the petitioners received actual notice thereof. The suit was not filed until July 3, 1951. The petition alleges that none of the other streets referred to in the contract was paved with a raised curbing. Construed most strongly against the pleader, as a petition must be on general demurrer, the petitioners, before making any objection, stood by until other streets included in the contract were paved. It follows that, if the assessments were illegal merely on account of alleged indefiniteness, or because of the failure of the municipal authorities to require a bond, the petitioners could not stand by and see large sums of money expended under the contract in the completion of the work on adjoining streets without objecting thereto, and acquire the benefits thereof, and then come into a court of equity seeking an injunction on the alleged ground that the entire contract was illegal. *Mayor &c. of Macon* v. *Huff,* 60 *Ga.* 221 (3); *Montgomery* v. *City of Atlanta,* 162 *Ga.* 534 (4) (134 S. E. 152); *City of Waycross* v. *Cowart,* 164 *Ga.* 721 (3), supra; *Wall* v. *Mayor &c. of Milledgeville,* 197 *Ga.* 165 (1) (28 S. E. 2d, 131).

Finally, it was alleged in an amendment that just recently the defendants have done some paving on Chambers Street, but that this is rough and the paving is too thin to be serviceable. Properly construed, this is not an averment that the paving had been completed. There was no allegation that the cost of the improvement was excessive.

Accordingly, the allegations of the petition as amended failed to set forth a cause of action for any of the relief sought, and the trial court did not err in sustaining a general demurrer thereto.

*Judgment affirmed. All the Justices concur.*