20070.  LOCKRIDGE-ROGERS LUMBER CO. *v.* CITY OF EAST POINT.

Submitted May 14, 1958—Decided June 4, 1958—
Rehearing denied June 23, 1958.

*Guy Parker,* for plaintiff in error.

*Ezra E. Phillips, Phillips, Johnson & Shoob,* contra.

Candler, Justice.  As amended by an act which the legislature passed in 1925 (Ga. L. 1925, p. 1018), section 67 of the City of East Point's charter empowers its mayor and council to lay or construct sewer lines along its streets and assess the actual cost thereof proportionally against the abutting property on each side of the street.  And section 42 of its charter authorizes the city to collect the assessment by execution against the abutting property.  However, this section also provides that the abutting owner against whose land an execution has been issued and levied may file an affidavit with the levying officer denying that the

whole or any part of the amount for which the execution was issued is due, and on the filing of such an affidavit it is the duty of the levying officer to return it and the execution to the Superior Court of Fulton County for trial as other illegalities are tried. This litigation arose when the City of East Point issued and caused to be levied an execution for a stated amount against certain abutting property on a named street of the city as its proportionate part of the actual cost the city had incurred in laying or constructing a sewer line along such street and when Lockridge-Rogers Lumber Company, the owner of the abutting land, filed an affidavit with the levying officer denying that any part of the assessment was lawful or due by it. Its affidavit attacks the validity of section 67 of the city's charter on the ground that it offends the due-process clauses of the Constitution of the United States and of this State. By agreement, the cause was tried by the judge, without a jury, and resulted in a finding and judgment for the city and the exception is to that judgment only. It is stated in the brief for the plaintiff in error that the writ of error presents for decision only one question, namely: Does section 67 of the City of East Point's charter which empowers it to assess the actual cost of laying or constructing a sewer line along one of its streets against the abutting property on each side of the street offend the due-process clauses of the State and Federal Constitutions since it permits the city to do so without prior notice to the owner of such land and without first affording such owner an opportunity to be heard respecting the reasonableness or lawfulness of the assessment? The plaintiff in error, as the owner of the assessed property, argues that it does, but under the unanimous decision of this court in *Sanders* v. *Mayor &c. of Gainesville*, 141 *Ga.* 441 (81 S. E. 215), its position is not well taken. There, it was held (headnote 2): "Where an act of the legislature authorizes the paving of streets in a city, and the collection of a special assessment against abutting land by execution, and provides that the owners of such land may file an affidavit of illegality and may contest the whole or any part of the amount so claimed, the levy of the assessment is not void on the ground that the owner is not afforded due process of law." For like rulings involving the validity of charter powers similar in

all material respects to those in the *Sanders* case, supra, and to those here involved, see *Speer* v. *Mayor &c. of Athens*, 85 *Ga.* 49, 59 (11 S. E. 802, 9 L.R.A. 402) ; *Horkan* v. *City of Moultrie*, 154 *Ga.* 444 (114 S. E. 888) ; and *Harp* v. *Mayor &c. of Forsyth*, 208 *Ga.* 842 (69 S. E. 2d 750), all of which are full-bench decisions. Those cases, as well as others which could be cited, hold that an act of the legislature granting charter power to a municipality to make public improvements such as sidewalks and street paving, and by special assessment and execution against the abutting land collect the cost therefor, does not deprive the owner of due process of law when the act also permits the owner of such land to file an affidavit of illegality and thereby contest the reasonableness or the lawfulness of the assessment before payment is finally required. Accordingly, there is no merit in the contention that the provision of the City of East Point's charter which is here attacked offends the due-process clauses of the State and Federal Constitutions. Hence, the judgment complained of is not erroneous.

*Judgment affirmed. All the Justices concur.*