## 20616. LEWIS *v.* CITY COUNCIL OF AUGUSTA.

MOBLEY, Justice. 1. The plaintiff in error filed a direct bill of exceptions to the direction of a verdict for the defendant in error, published on May 21, 1959, and to the judgment of the court making that verdict its judgment, entered June 1, 1959. The bill of exceptions was tendered to the judge within thirty days from the date of the judgment, but more than thirty days after the direction of the verdict. The defendant in error filed a motion to dismiss the bill of exceptions on the ground that it was tendered too late—not within thirty days after the court directed the verdict. Code (Ann.) § 6-902 provides that the bill of exceptions shall be tendered "within thirty days from the date of the decision complained of." "A direct bill of exceptions will lie to a ruling of a trial court directing a verdict." *Webb* v. *Hicks*, 117 *Ga.* 335 (5) (43 S. E. 738). See also *Haskins* v. *Throne*, 101 *Ga.* 126 (28 S. E. 611); *Reynolds* v. *O' Neal*, 189 *Ga.* 690 (1) (7 S. E. 2d 229); *Reed* v. *White*, 207 *Ga.* 623, 627 (9) (63 S. E. 2d 597); *Copeland* v. *Gilbert*, 24 *Ga. App.* 387 (1) (100 S. E. 775). If the exception had been to the direction of a verdict alone, the bill of exceptions would have been filed too late. However, where, as here, judgment was taken on the verdict and the exception is also to the judgment, the bill of exceptions having been tendered within thirty days of the date of that judgment, it was filed in time. Under Code (Ann.) § 6-905, which abolished exceptions pendente lite, ". . . all exceptions to any antecedent ruling, judgment, sentence or decree may be made in the final bill of exceptions complaining of a final judgment, irrespective of the time elapsing between the date of the ruling complained of and the presentation of the final bill of exceptions." Accordingly, the exception to the direction of the verdict can be considered by the court along with the final judgment excepted to in this case. The motion to dismiss the bill of exceptions is denied.

2. "Where an act of the legislature authorizes the paving of streets in a city and the collection of a special assessment against abutting land by execution, and provides that the owners of such land may file an affidavit of illegality and may contest the whole or any part of the amount so claimed, the levy of the assessment is not void on the ground that

the owner is not afforded due process of law. *Sanders* v. *City of Gainesville,* 141 *Ga.* 441 (2) (81 S. E. 215); *Horkan* v. *City of Moultrie,* 154 *Ga.* 444 (2) (114 S. E. 888); *Faver* v. *City of Washington,* 159 *Ga.* 568 (2) (126 S. E. 464); *City of Waycross* v. *Cowart,* 164 *Ga.* 721 (1) (139 S. E. 521)." *Harp* v. *Mayor &c. of Forsyth,* 208 *Ga.* 842, 844 (69 S. E. 2d 750). Accordingly, where, under the charter of the City of Augusta as amended, under which the paving assessment was levied to which the plaintiff in error filed an affidavit of illegality, it is provided that the property owner may file an affidavit of illegality and contest the assessment (Ga. L. 1899, p. 131), the levy of assessment is not void on the ground that the owner is not afforded due process of law because the assessment was made without notice to him and he was afforded no opportunity to object thereto; and the statute and ordinance under which the assessment was levied are not violative of the due-process clauses of the State and Federal Constitutions. See also *Lockridge-Rogers Lumber Co.* v. *City of East Point,* 214 *Ga.* 255 (104 S. E. 2d 228), and cases cited. *City of Sandersville* v. *Bell,* 146 *Ga.* 737 (1) (92 S. E. 218), decided by five Justices, relied upon by counsel for the plaintiff in error, which held that an ordinance passed pursuant to the city charter, in which there is no provision for a hearing after notice to taxpayers, violated the due-process clauses of the State and Federal Constitutions was disapproved in *City of Valdosta* v. *Harris,* 156 *Ga.* 490 (2a) (119 S. E. 625), a full-bench decision, which followed the older case of *Speer* v. *Mayor &c. of Athens,* 85 *Ga.* 49 (3) (11 S. E. 802, 9 L.R.A. 402). Although the paving was done specifically under the act of 1916 (Ga. L. 1916, pp. 549, 551), the act of 1899 (Ga. L. 1899, p. 131), providing for contesting assessments by affidavit of illegality, has never been repealed and is applicable in this case; and apparently the plaintiff in error availed himself of the act of 1899 by filing his affidavit of illegality.

3. The act of 1916, supra, under which the paving was done, does not violate that provision of art. 1, sec. 4, par. 1, of the Constitution of Georgia (Code, Ann., § 2-401), that no special law shall be enacted for which provision has been made by an existing general law, as the general law (Ga. L. 1890-1891, Vol. 1, p. 229) simply provides that any city having a population of over 20,000 shall have power and

authority to renew or repair any pavement then laid or thereafter laid upon the same terms and conditions as to assessment of property and street-car companies as were in force when the pavement was originally laid, for the record indicates that the pavement was originally laid in 1927, at which time the amendment to the charter of the City of Augusta of 1899 and the act of 1916, supra, were in effect, and the re-paving sought in 1957 was done upon the same terms and conditions as to assessments as were in force when the original paving was laid. *Walthour* v. *City of Atlanta*, 157 *Ga.* 24 (120 S. E. 613); *City of Bainbridge* v. *Jester*, 157 *Ga.* 505 (121 S. E. 798, 33 A.L.R. 1406).

4. Other exceptions, not having been argued by the plaintiff in error, will be considered abandoned. *Redding* v. *State*, 214 *Ga.* 524 (3) (106 S. E. 2d 5); *Sewell* v. *Aggregate Supply Co.*, 214 *Ga.* 543, 546 (10) (106 S. E. 2d 16).

5. The direction of the verdict for the defendant and the making of that verdict the judgment of the court were not erroneous for any reason assigned.

*Judgment affirmed. All the Justices concur.*

ARGUED SEPTEMBER 15, 1959—DECIDED OCTOBER 14, 1959.

*Sanders, Thurmond & Hester,* for plaintiff in error.
*E. D. Fulcher, Fulcher, Fulcher, Hagler & Harper,* contra.