SMITH *v.* THE MAYOR & CITY COUNCIL OF AMERICUS.

By the charter of the city of Americus, approved November 11, 1889,
(sec. 23), the taxing power conferred being in the following terms,
" that for the purpose of raising revenue for the support and main-
taining of the city government, the Mayor and City Council of
Americus shall have power and authority, and shall prescribe by
ordinance for the assessment, levy and collection of an *ad valorem*
tax on all real and personal property within the incorporate limits
of said city, except such real property as is used for farming pur-
poses only," the exception is an attempt to create an exemption
of the real property used for farming purposes only, and under the
provisions of the constitution of 1877, is null and void. The
power to tax extends to all property within the city limits without
respect to the purpose for which it is used, unless it be some class
or description of property which the constitution expressly em-
powers the General Assembly to exempt from taxation. There
was no error in denying the injunction prayed for.
August 1, 1892.                          *Judgment affirmed.*

Municipal corporation. Taxation. Before Judge
FISH. Sumter county. At chambers, February 20, 1892.

Injunction was sought by Smith to prevent the col-
lection of municipal taxes assessed and levied against
his land in the city of Americus, which was used by him
for farming purposes only. It was denied on the ground
that such lands, in the opinion of the court, are subject
to municipal taxation. The plaintiff alleges that the
original charter of the city, which was the same as
had previously been granted to the city of Oglethorpe
(Acts 1851–2, p. 401), contained the provision, "that all
lands used within said corporate limits exclusively for
farming purposes shall be exempt from the payment of
city or corporation tax"; that on February 22, 1872, the
General Assembly passed an act revising the city
charter, containing the same language; that by the act
of November 11, 1889 (Acts 1889, p. 961), the subject
of taxation by the city was fully and explicitly provided
for, expressly excepting "such real property as is used
for farming purposes only"; that these clauses have

never been repealed or modified, and at no time since the grant of its original charter has the city had any power to tax such lands to any extent or for any purpose. The city admits that prior to the adoption of the constitution of 1877 it had no power under its charter to tax such lands, but alleges that since then it has had full power to do so, and that the exception set out in the petition of plaintiff is violative of the constitution, art. 7, sec. 2, pars. 2 and 4. The other points in the case are immaterial here.

GUSTIN, GUERRY & HALL and GUERRY & SON, for plaintiff.

B. P. HOLLIS and E. A. HAWKINS, contra.