## RAINES *et al.* v. CLAY.

Under the facts of the case as submitted to the court upon the hearing, the court erred in granting the injunction; it clearly appearing that the petitioner was estopped by laches from asserting that he was not liable for his proportionate part of the pavement of a designated street upon which he was an owner of abutting land.

No. 4875.   JANUARY 15, 1926.

Municipal Corporations 28 Cyc. pp. 1173, n. 6; 1188, n. 37.

Injunction.    Before Judge Yeomans.    Terrell superior court.
April 2, 1925.

*R. R. Marlin, W. H. Gurr, Dorsey, Shelton & Dorsey,* and *Ralph
H. Pharr,* for plaintiffs in error.

*W. B. Parks,* contra.

BECK, P. J.    An act to amend an act to incorporate the City of
Dawson was passed by the General Assembly and approved August
19, 1918.    Acts 1918, p. 689.    In this amendment the City of
Dawson is authorized to pave streets of that city and assess the
abutting-property owners for their portion of the expense of such
paving, and methods are provided for enforcing the collection of
such assessments.    In the third section of the act it is provided
that the city council shall have power and authority to provide by
ordinance and require the paving of any street of the city, pre-
scribing the material, etc.; to make assessments upon the property
of the abutting-property owners, and to provide by ordinance for
the payment of those assessments upon such terms as may be pre-
scribed, and, further, for the enforcement of the assessments by
the issuance and levy of fi. fas. and the sale of the property in
the same manner as taxes are collected, etc.    By section 4 of the
act the city is authorized "to pass all ordinances necessary for
carrying out the provisions of" the act.    The act itself does not
contain provisions for a hearing as to the necessity of the paving
and the reasonableness of its cost, nor as to other similar matters.

In March, 1920, the mayor and city council passed an ordinance
reciting that the city had entered into a contract with a certain
construction company for the paving and otherwise improving of
certain specified portions of Main and Lee streets, in which ordi-
nance it was provided that abutting-property owners were assessed
one third of the cost of the paving. On October 9, 1920, another
ordinance was passed, providing for written notice to the abutting-
property owners where the paving had been completed, advising
the property owner of the amount of the assessment taxed against
his property, and further providing that if the assessment was not
paid within ten days after the date of the notice the clerk should
issue a fi. fa. against the abutting property of such owner.    Neither
of these ordinances made provision for a hearing, nor for the
property owner's contesting his obligation to pay the assessment
against him.    In March, 1925, J. S. Clay filed his petition against

the City of Dawson and one Raines, to enjoin a sale of his land under a power of sale in a security deed from Clay to Raines, which sale was to be made (as Raines had announced) subject to a fi. fa. issued on December 28, 1920, by the city to enforce an assessment for the paving of a part of Main Street, upon which petitioner was an owner of abutting property; and for a cancellation of the assessment fi. fa. On March 20, 1925, a few days after this petition was filed, and before the hearing, the city council passed an ordinance amending the ordinance passed on October 9, 1920, in substance set forth above, and in this amendment provided that "Whenever a street-paving assessment fi. fa. shall be issued by the city clerk in favor of the City of Dawson and against any abutting property and the owner thereof, in accordance with the provisions of this ordinance, for the amount of such paving assessment, such abutting property owner shall have the right to file with the levying officer an affidavit of illegality, in which he shall have the right to deny the whole or any part of the amount of such assessment, or in any other manner contest the validity of such street paving fi. fa., in which affidavit of illegality he shall set forth the reasons why the whole or any part of said paving assessment fi. fa. is not due and collectible. Provided, that should any part of said paving assessment fi. fa. be admitted to be due, then such part shall be paid to the levying officer, before the affidavit of illegality is received, and the affidavit of illegality shall then be received as against the balance. When any such affidavit of illegality shall be filed with the levying officer, as provided in the foregoing paragraph, the same shall be returned, together with the assessment fi. fa., to the superior court of Terrell County, Georgia, and there tried and the issues determined as other affidavits of illegality, subject to all the pains and penalties of affidavits of illegality filed for delay."

In the petition for injunction Clay attacks the act of August 19, 1918, and the ordinance passed by the city council in October, 1920, as unconstitutional, in that they do not afford due process of law guaranteed by the State and Federal constitutions. After a hearing the court granted an interlocutory injunction, and the defendants excepted.

We are of the opinion that the court erred in granting this injunction. Under the pleadings and evidence it would seem that the plaintiff is estopped from asserting that he is not liable for his

proportion of the assessment made for the cost of the paving of Main Street, upon which he was an owner of abutting property. He stood by and saw the improvement made, and must have known that it was being made at great expense to the city,—an improvement that must necessarily have resulted in the enhancement of the value of his property; and yet he took no steps before the work was commenced nor while it was in progress, nor for a long period afterwards, to raise the contentions which he now makes. Similar questions have been adjudicated by this court before, and have been elaborately discussed, and it is not necessary to discuss the question at any length here. It will be sufficient here to quote rulings made by this court in other cases presenting questions similar to the one with which we are now immediately dealing.

In *City of Bainbridge* v. *Jester,* 157 *Ga.* 505 (121 S. E. 798, 32 A. L. R. 1406), it was said, Chief Justice Russell delivering the opinion of the court: "Conceding, but not deciding, that the bonds were sold below par, still it is unnecessary to pass upon that question at this time, because a majority of the court are agreed that the defendants in error are estopped, after the contractor has fully complied with his contract, and has expended large sums of money, and after the paving has been accepted by the city, to assert the invalidity of the assessments and the fi. fas. issued thereupon. . . After having received all the benefits that can accrue from the pavement, they will not be heard to contend for the first time that the contract, which, if it is illegal, they could have prevented, is invalid." A similar principle was ruled in *Board of Drainage Commissioners* v. *Arnold,* 156 *Ga.* 733 (120 S. E. 310). The petitioner in this case claims that before the commencement of the work and during the work he did protest to the mayor and council. But what was the exact character of his protest is not shown; and if it had been shown, unless his opposition took a shape not indicated by the word "protest," it would not have been sufficient. In *Holt* v. *Parsons,* 118 *Ga.* 895· (45 S. E. 690), it was said: "A party is not entitled to an injunction when, with full knowledge of his rights, he has been guilty of delay and laches in asserting them, and has negligently suffered large expenditures to be made by another party on whom great injury would be inflicted by the grant of the injunction. A mere threat to take legal proceedings is not sufficient to prevent the application of this rule." And in

37

the course of the decision in that case Chief Justice Simmons said: "In the present case a decision either way would entail a hardship on some one. Either the plaintiffs in error must suffer from the enforcement of a very large tax assessment, or else the contractors must lose all that they have expended in the performance of their contract. In such a case, equity must have regard to the respective diligence of the parties, and will not relieve one whose negligence and delay has placed it beyond the power of the court to extend him aid except at the expense of one who has been diligent. To do so would be unjust and inequitable, and would violate one of the cardinal principles of equity jurisprudence, that equity aids the vigilant, not the slothful." See also the following cases on the question of equitable estoppel: *Warner* v. *Hill,* 153 *Ga.* 510 (2) (112 S. E. 478) ; *Vandiver* v. *Byrd-Matthews Lumber Co.,* 146 *Ga.* 113, 117 (90 S. E. 960) ; *City of Elberton* v. *Pearle Cotton Mills,* 123 *Ga.* 1, 3 (50 S. E. 977) ; *Southern Marble Co.* v. *Darnell,* 94 *Ga.* 231 (4), 232 (21 S. E. 531) ; *Iverson* v. *Saulsbury,* 65 *Ga.* 725 (7). And in section 4369 of the Code of 1910 it is provided that "courts of equity may interpose an equitable bar, whenever, from the lapse of time and laches of the complainant, it would be inequitable to allow a party to enforce his legal rights."

In this case the City of Dawson had in good faith entered into a contract under the authority conferred upon it by the act of the legislature which we have set forth in substance above. The other parties to that contract have in good faith expended a large amount of money improving the City of Dawson by paving certain streets, upon one of which the complainant is an owner of abutting property; and he has stood by and allowed this public work to be carried to completion, and has received the benefits of the work and enjoyed them for several years, without taking any legal proceedings to prevent the expenditure of the money when the work was being carried on; and all these facts unquestionably appearing in the record, the conclusion seems to follow, in view of the prior decision of this court, that he is now estopped, and the court should not have granted the injunction. That ruling is conclusive upon the petitioner's right to an injunction, and it is unnecessary to take up and pass upon the questions as to whether or not the act attacked as unconstitutional is in fact open to that objection. But it would

not be unprofitable, in this connection, to read the decision in *City of Sandersville* v. *Bell,* 146 *Ga.* 737 (92 S. E. 218).

Judgment reversed. All the Justices concur.

Gilbert, J., concurs in the judgment.