FARRIS *et al. v.* CITY OF MANCHESTER *et al.*

No. 6860. JUNE 12, 1929.

*N. F. Culpepper* and *Terrell & Terrell,* for plaintiffs.

*J. F. Hatchett, W. E. Smith, Anderson, Rountree & Crenshaw,* and *Granger Hansell,* for defendants.

HILL, J. (After stating the foregoing facts.) The petition attacks the charter of the City of Manchester (Ga. L. 1909, p. 1071), and the ordinances passed in pursuance thereof, as being unconstitutional and void as not affording due process of law, and upon various other grounds; but under the view we take of this case it is not necessary to pass upon the constitutional questions raised, for the reason that the record shows that the petition in the present case was not filed and the constitutional questions raised until after the paving of the streets and the other improvements had been completed. The court below declined to enjoin the enforcement of the assessment and fi. fas. and sale of plaintiffs' property, and under the present state of the record we are of the opinion that the court below properly so held. This court has decided upon numerous occasions that where the abutting-property owner stands by and sees street improvements made by a municipality, and does not interpose any objection thereto while the work is in progress and before it is completed, such property owner is estopped from attacking the proceeding to enforce the payment of the assessment against such complainant. In *Raines* v. *Clay,* 161 *Ga.* 574, 576 (131 S. E. 499), Mr. Presiding Justice Beck said: "In the petition for injunction Clay attacks the act of August 19, 1918, and the ordinance passed by the city council in October, 1920, as unconstitutional, in that they do not afford due process of law guaranteed by the State and Federal constitutions. After a hearing the court granted an interlocutory injunction, and the defendants excepted. We are of the opinion that the court erred in granting this injunction. Under the pleadings and evidence it would seem that the plaintiff is estopped from asserting that he is not liable for his proportion of the assessment made for the cost of the paving of Main Street, upon which he was an owner of abutting property. He stood by and saw the improvement made, and must have known that it was being made at great expense to the city—an improve-

ment that must necessarily have resulted in the enhancement of the value of his property; and yet he took no steps before the work was commenced, nor while it was in progress, nor for a long period afterwards, to raise the contentions which he now makes. Similar questions have been adjudicated by this court before, and have been elaborately discussed, and it is not necessary to discuss the question at any length here." The *Raines* decision cited the following authorities in support of the above view: *City of Bainbridge* v. *Jester,* 157 *Ga.* 505 (121 S. E. 798, 32 A. L. R. 1406); *Board of Drainage Comrs.* v. *Arnold,* 156 *Ga.* 733 (120 S. E. 310); *Holl* v. *Parsons,* 118 *Ga.* 895 (45 S. E. 690); *Warner* v. *Hill,* 153 *Ga.* 510 (2) (112 S. E. 478); *Vandiver* v. *Byrd-Matthews Lumber Co.,* 146 *Ga.* 113, 117 (90 S. E. 960); *City of Elberton* v. *Pearle Cotton Mills,* 123 *Ga.* 1, 3 (50 S. E. 977); *Southern Marble Co.* v. *Darnell,* 94 *Ga.* 231 (4), 232 (21 S. E. 531); *Iverson* v. *Saulsbury,* 65 *Ga.* 725 (7). In conclusion it was said in the *Raines* case: "In this case the City of Dawson had in good faith entered into a contract under the authority conferred upon it by the act of the legislature which we have set forth in substance above. The other parties to that contract have in good faith expended a large amount of money improving the City of Dawson by paving certain streets, upon one of which the complainant is an owner of abutting property; and he has stood by and allowed this public work to be carried to completion, and has received the benefits of the work and enjoyed them for several years, without taking any legal proceedings to prevent the expenditure of the money when the work was being carried on; and all these facts unquestionably appearing in the record, the conclusion seems to follow, in view of the prior decision of this court, that he is now estopped, and the court should not have granted the injunction. That ruling is conclusive upon the petitioner's right to an injunction, and it is unnecessary to take up and pass upon the questions as to whether or not the act attacked as unconstitutional is in fact open to that objection. But it would not be unprofitable, in this connection, to read the decision in *City of Sandersville* v. *Bell,* 146 *Ga.* 737 (92 S. E. 218)." We are of the opinion that the reasoning in the *Raines* case, and in the authorities cited, is controlling in the instant case. See also *Cochran* v. *Thomasville,*

167 *Ga.* 579; *Montgomery* v. *Atlanta,* 162 *Ga.* 534 (134 S. E. 152, 47 A. L. R. 233).

As to the constitutional questions raised in the present case, see also *City of Macon* v. *Anderson,* 155 *Ga.* 607, 616 (117 S. E. 753); *City of Waycross* v. *Cowart,* 164 *Ga.* 721 (139 S. E. 521), and cit.; *Harris* v. *Valdosta,* 156 *Ga.* 490 (119 S. E. 625, 30 A. L. R. 145); *Walthour* v. *Atlanta,* 157 *Ga.* 24 (120 S. E. 613); *Vestel* v. *Edwards,* 143 *Ga.* 368 (85 S. E. 187); *McGregor* v. *Hogan,* 153 *Ga.* 473 (112 S. E. 471), which was affirmed by the U. S. Supreme Court. 263 U. S. 234 (44 Sup. Ct. 50).

*Judgment affirmed. All the Justices concur.*

GILBERT, J. I concur in the judgment of affirmance, but not in the ruling that petitioners are estopped because the petition was not filed and the constitutional questions raised until after the paving was completed. If the law, whether statutory or municipal, is unconstitutional and void, the improvement is made without any legal authority. In such circumstances the property owner is not estopped from making his defense whenever the municipality undertakes to enforce the assessment. I adhere to the views expressed in my dissent in the case of *City of Bainbridge* v. *Jester,* 157 *Ga.* 505 (supra). According to numerous authorities cited in 47 A. L. R. 250, where the assessment or contract contemplating the improvement is wholly void, payment or tender thereof of a sum representing the benefit derived is not required to secure relief by injunction.