19151.   WILDER *v.* CITY OF ATLANTA.

DECIDED SEPTEMBER 20, 1929.

*Underwood, Haas & Gambrell, W. W. Visanska,* for plaintiff in error.

*J. L. Mayson, Howell, Heyman & Bolding, Spalding, Mac-Dougald & Sibley,* contra.

LUKE, J. The controlling issue in this case is whether or not a party can proceed by affidavit of illegality attacking the legal procedure which resulted in an execution against him, when a court of equity has ruled upon the merits of the issue involved in the statutory action. The plaintiff in error in this case, and others, petitioned the City of Atlanta to lay certain pavement, which was done. Thereafter the plaintiff in error and others sought to enjoin the enforcement of the paving ordinance, the contract, the assessments against the abutting property so improved, and the validation of the bonds, and to enjoin the city from collecting any amount whatever from abutting property owners. The Supreme Court, in *Montgomery* v. *City of Atlanta,* 162 *Ga.* 534 (134 S. E. 152, 47 A. L. R. 233), held that a petition for such an injunction would not lie. The plaintiff in error, who was a party to that suit, now seeks by affidavit of illegality to avoid payment for such pavement. In the *Montgomery* case, supra, the 4th headnote is as follows: ."Equity requires every litigant who seeks her aid to do equity; and inasmuch as the construction company has expended large sums of money in making this street improvement, of which the city and the plaintiffs have received the benefit, equity will not interpose in behalf of the plaintiffs to annul and set aside the contract for such improvement and the assessment levied against them as owners of abutting property for their shares of the cost of such improvement, although such contract and assessment are illegal and invalid, unless the plaintiff shall first do equity; and to do equity the plaintiffs *must pay their proportionate shares of the cost of making such improvement,* in the absence of actual fraud on the part of the construction company." In the opinion in that case Justice Hines, speaking for the court, said: "They are seeking to have said contract and assessment declared illegal and void. They are seeking to restrain the City of Atlanta from carrying on proceedings to validate a proposed issue of bonds for the payment of the cost of said improvement, and from selling and disposing of the same; and they are seeking to enjoin the construction company from taking any legal proceedings, or other steps of any character whatsoever, to enforce the collection of its claim against the City of Atlanta for such payment, from undertaking to procure

an assessment by the city against the property owners for the work done under this contract, and from altering the status between the construction company and the city and the property owners. . . 'He who would have equity must do equity, and give effect to all equitable rights in the other party respecting the subject-matter of the suit.' Civil Code (1910), § 4521. This principle is applicable where one in an equity suit seeks both legal and equitable relief. One who avails himself of a remedy in a court of equity is as much bound by this principle as one who is asserting in such a court a purely equitable right. . . In these circumstances it would be inequitable to permit them to enjoin the city and the construction company from *enforcing the assessment levied upon their property* for the purpose of paying for this improvement, and thus saddle upon the construction company the loss of a large sum expended by it in doing this work. Seeking equitable relief in the premises they must do equity. They must pay for the benefits which they are receiving from this improvement, before they can have the contract under which it was made *and the assessment levied to defray the cost of the work declared null and void."* (Italics ours.)

We think the decision in the *Montgomery* case is controlling in this case, because the merits of and the object sought in that case are identical with those in the instant case. As was said in *Baldwin* v. *McCrea,* 38 *Ga.* 651, "A party can not avoid the effect of a solemn adjudication of his rights in a court of competent jurisdiction by a change of forum from the equity to the law side of the court. The maxim 'res judicatæ pro vertitate accipiuntur' is applicable." See also *Hood* v. *Duren,* 33 *Ga. App.* 203 (2) (125 S. E. 787); *Sellers* v. *Cox,* 127 *Ga.* 246 (2) (56 S. E. 284); *Evans* v. *Birge,* 11 *Ga.* 265; *Pollock* v. *Gilbert,* 16 *Ga.* 399 (60 Am. D. 732); *City of Camilla* v. *Cochran,* 160 *Ga.* 424 (128 S. E. 194); *Farris* v. *Manchester,* 168 *Ga.* 653 (149 S. E. 27). The affidavit of illegality interposed here sets up that defense or claims that legal right which would have been presented prior to the assessment against the property. In other words, the affidavit of illegality seeks to go "behind the judgment." The court properly overruled the affidavit of illegality.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*