KINNEY *v.* MAYOR & ALDERMEN OF MILLEDGEVILLE *et al.*

No. 12050.  MARCH 11, 1938.
ADHERED TO ON REHEARING, APRIL 1, 1938.

*McCullar & McCullar* and *R. C. Jenkins,* for plaintiff.

*Hines & Carpenter* and *E. W. Jordan,* for defendants.

GRICE, Justice. As counsel says, the record is long. The petition and the three amendments contain one hundred and forty-nine paragraphs. The original prayers are numbered from A to S, inclusive—nineteen in all. Four briefs were filed by the plaintiff, one of which is forty-nine pages in length, and contains forty-two numbered sections, several of which are divided into subsections under a separate letter of the alphabet. On the rehearing additional lengthy briefs were presented. To set forth in detail the contents of the petition as amended, and to discuss every contention made by counsel, would necessarily render this opinion one of undue proportions. There are two assignments of error in the bill of exceptions. One complains that the judge denied the motion of the plaintiff in error to require that certain documentary evidence be impounded in the hands of the clerk. The second was on the sustaining of a demurrer to the petition. Since the judge was right in sustaining the demurrer, no action will be taken on the suggestion of diminution of the record by the plaintiff, and his prayer that the court order the clerk of the trial court to send up copy of certain exceptions pendente lite which assigned error on the refusal of the judge to impound certain records.

This paving was done under the act approved August 25, 1925 (Ga. L. 1925, p. 1199). Section 2 of this act authorizes the Mayor and Aldermen of the City of Milledgeville to improve the "streets, sidewalks, squares, and alleys of said city by paving, repaving, macadamizing, grading, curbing, guttering, and draining the same, including the installation of manholes, catch-basins, and necessary drainage-pipes, resetting of curbing, and to assess the cost thereof upon the abutting-property owners," etc. In the latter part of section 3 it is said that the terms "paving" and "repaving" as used in this act "shall be construed to mean any form of street, sidewalk, walk or alley improvement, whether of brick, stone, con-

crete, gravel, asphalt, or other known and approved materials or combinations thereof." The plaintiff's petition shows that the city has graded and regraded the street in question, and put in curbing, manholes, catch-basins, and undertaken to drain the same. The contention, therefore, that the city has done no *paving* in the area complained of can not be sustained.

In the present case nothing is shown to call forth the interposition of a court of equity under its powers to enjoin. The instant petition, as did that in *Bass* v. *Milledgeville,* supra, makes the point that the records and ordinances of the City of Milledgeville have been tampered with and altered; and, as in the *Bass* case, urges certain constitutional grounds. This case, as did the *Bass* case, shows that the plaintiff and his predecessor in title stood by for years, saw this improvement going on; and in many respects this case is controlled by the decision in the *Bass* case. Counsel for the plaintiff seeks to distinguish this case from the *Bass* case, by contending that while in the *Bass* case paving had been laid, "not one inch of paving has been laid adjacent to Kinney's property in any connection concerning this litigation." Counsel evidently are imbued with the opinion that a street-improvement bond can be issued only when the street involved is improved by the laying of a hard surface thereon. It is plain from the petition that the authorities of the City of Milledgeville did not purport to "pave" Washington Street upon which plaintiff's lot abutted, but that the improvement for which the bond in question was issued was for "curbing, guttering, and draining, including the installation of manholes, catch-basins, and necessary drain-pipes," as stated in the title to the act of 1925, and in section 3 thereof. It is not alleged that the work of curbing, guttering, etc., has not been done, but the plaintiff denies that his property has been benefited thereby. This is nothing more than a conclusion of the pleader, there being no allegation that the action of the mayor and council was confiscatory. Under the ruling of this court in the *Bass* case, the plaintiff is barred, by the laches of himself and his predecessor in title, from contesting the validity of the bond attacked.

The plaintiff having stricken his prayers for judgments against the city and the construction company for damages alleged to have been sustained by reason of the improper drainage of the street on which his lot abuts, the only relief for which he prayed was as

set out in prayers "Q" and "R," above. The prayer that "the defendants be enjoined and restrained from further disrupting the streets of Milledgeville" was unauthorized by any allegations of the petition as amended, it not being asserted that the defendants intended any "further disruption of the streets of Milledgeville." The prayers that the defendants be compelled to lay paving, and "put Washington Street adjacent to petitioner's property back in the same condition that it was before it was torn up," sought only a mandatory injunction; and this is unauthorized by law. Code, § 55-110.

The bill of exceptions and the record in this case were filed in the clerk's office of this court on August 4, 1937. On August 18, 1937, counsel for the plaintiff filed in this court a petition or motion, stating that the judge inadvertently omitted to certify certain exceptions pendente lite. Also that the judge likewise failed to allow a third amendment to the petition. Also: "4. Applicant shows and alleges that this oversight was not discovered by the judge and counsel until recently, and until the clerk of Baldwin superior court had actually certified and sent said record to the Supreme Court. 5. Applicant shows that immediately upon discovering said facts that it called the same to the attention of the trial judge, . . and said judge certified, approved, and allowed said exceptions pendente lite, as of the 15th day of May, 1937, by a nunc pro tunc order, and . . further allowed and ordered the same made a part of the record in said case plaintiff's amendment No. 3; and that both of said records, with the approval of the judge thereon, is now in the office of the clerk of Baldwin superior court. 6. Plaintiff in error shows that under the record now on file in the office of the clerk of the Supreme Court, that said court in the present state of the record can not consider plaintiff's exceptions pendente lite, and plaintiff's amendment No. 3." Movant then prays that said amendment and exceptions pendente lite, as approved by the judge, be sent up as a part of the record. In the motion, referred to as a suggestion of a diminution of the record, addressed to this court, is a certificate signed by the trial judge, to the effect that he did intend to pass on the amendment, and did intend to certify to the exceptions pendente lite; but he has never yet certified to the exceptions, or passed an order on the amendment. We quite agree with what is stated in paragraph 6 of

the plaintiff's motion as quoted above. The judge having failed to certify the exceptions pendente lite, and having likewise failed to allow the third amendment, while he had jurisdiction of the case, this court, for lack of jurisdiction, can not consider either. The court did not err in sustaining the demurrer and dismissing the action. . *Judgment affirmed. All the Justices concur.*