## WRIGHT *v.* CITY OF METTER.

No. 13655. April 18, 1941.

*Hugh R. Kimbrough,* for plaintiff.
*Anderson & Trapnell,* for defendant.

Reid, Chief Justice. The plaintiff owns property on North Broad Street in the City of Metter. He seeks to enjoin enforcement of a paving execution which has been levied on certain of his property. The city filed demurrers and answer; and upon consideration of all pleadings the judge denied injunction. With commendable observance of rule 17 of this court, counsel have stipulated that the briefs contain a correct statement of the case and all facts which need be examined. The case thus made is about as follows: The City of Metter, under power contained in its charter (Ga. L. 1920, p. 1309-1310), determined to require the paving of North Broad Street, and on August 20, 1937, its mayor and council passed a resolution providing that such improvement should be made, to begin on September 1, 1937, and to be completed by January 1, 1938, at a total cost of $2500, two thirds of which should be assessed against abutting-property owners, and that prescribed notice

be given such property owners. This notice was given on that date to the plaintiff and other property owners, advising the nature of the improvement, the number of lineal feet of each person's property fronting on the proposed pavement, and the proportion of cost to be assessed against it. The work was begun and progressed to completion and acceptance by the city about September 1, 1938, without objection or protest from the plaintiff or others. On May 1, 1939, the total assessment and items therein were finally ratified by the mayor and council, and executions were ordered to be issued against the property and owners in cases where the assessment had not been paid. On August 5, 1940, execution was issued against the plaintiff and his abutting property, the levy of which brought on this proceeding. The plaintiff's complaint is that in making assessment against the property, in proportion to its frontage on the street, the city assessed all of the cost against the property on one side of the street, and failed to assess the Central of Georgia Railway, the right of way of which (extending through the city with streets or portions of a street known as North and South Broad Street on either side of it) it is alleged abuts one side of the paving for its entire length, thus causing double assessment against all property owners assessed. The plaintiff tendered one half the amount due on his execution, contending he was due no more, because of what is stated above. The judge predicated his ruling on the laches of the plaintiff.

While in the plaintiff's petition it is pointed out that there is no provision in the city charter for the filing of an affidavit of illegality to an execution issued for the paving assessment, this seems to have been done, not to assert the invalidity of the execution because of that fact, but to show that the plaintiff might proceed in equity, in the absence of an adequate remedy at law. The sole attack made in the petition on its validity is that the assessment was arbitrary and discriminatory. This is illustrated by the admission of liability for and tender of one half the amount of the execution. The doctrine of laches, equitable in nature and origin, concerns itself with the situation of petitioner as the applicant who seeks equity, and not with the infirmities of the legal process sought to be arrested. When applicable, it says to him that despite the rights which might be given by law, or which he might ordinarily enjoy and be able to assert, he by reason of delay, neglect, or other

conduct has become barred as to equitable relief on his petition. In other words, by reason of the infirmities in his own situation he may not in equity assert or have his legal rights measured. The maxims embracing this and kindred equitable principles are stated in *Bass* v. *Milledgeville,* 180 *Ga.* 156, 162 (178 S. E. 529). That decision and the cases cited afford abundant precedent for applying the doctrine of laches to the case now under review. It was there stated: "Leges vigilantibus non dormientibus subveniunt. This old maxim, which interpreted into English means the laws will lend their assistance to the diligent and not to the sleepy, is embodied in the Civil Code (1910), § 4369, which declares that 'courts of equity may interpose an equitable bar, whenever, from the lapse of time and laches of the complainant, it would be inequitable to allow a party to enforce his legal rights.' In fixing the time when the bar of laches may be interposed, the Code does not measure altogether by the lapse of time, because section 4536 declares that 'Equity gives no relief to one whose long delay renders the ascertainment of the truth difficult, though no legal limitation bars the right.' In our opinion the controlling principle in this case has been decided in *Black* v. *Cohen, 52 Ga.* 621, 629-30; *Holt* v. *Parsons,* 118 *Ga.* 895 (45 S. E. 690) ; *City of Bainbridge* v. *Jester,* 157 *Ga.* 505 (121 S. E. 798, 33 A. L. R. 1406) ; *Raines* v. *Clay,* 161 *Ga.* 574, 577 (131 S. E. 499) ; *Mayor &c. of Montezuma* v. *Brown,* 168 *Ga.* 1 (147 S. E. 80) ; *Bower* v. *Bainbridge,* 168 *Ga.* 616 (148 S. E. 517) ; *Farris* v. *Manchester,* 168 *Ga.* 653, 657 (149 S. E. 27). In *Avery* v. *Atlanta,* 163 *Ga.* 591 (136 S. E. 789), the court would not consider numerous defenses of the petitioners, it appearing that they took no steps to enjoin the city from making the improvements until nearly one year after the passage of the paving ordinance. In *Montgomery* v. *Atlanta,* 162 *Ga.* 534 (134 S. E. 152, 47 A. L. R. 233), Mr. Justice Hines said: 'While we hold that the contract under which this pavement was laid, and the assessment levied for the payment of the costs of this improvement, are invalid and void, are the plaintiffs entitled to the relief sought under the facts of this case? They are in a court of equity. They are seeking affirmative equitable relief. They are seeking to have said contract and assessment declared illegal and void. . . They are seeking the writ of injunction. They thus ask for extraordinary equitable relief. "He who would have equity must do

equity, and give effect to all equitable rights in the other party respecting the subject-matter of the suit." Civil Code (1910) § 4521. This principle is applicable where one in an equitable suit seeks both legal and equitable relief. . . In these circumstances it would be inequitable to permit them to enjoin the city and the construction company from enforcing the assessment levied upon their property for the purpose of paying for this improvement, and thus saddle upon the construction company the loss of a large sum expended by it in doing this work.'

"In equity, jurisdictional ordinances are not essential. Equity proceeds upon the idea that one who stands by and receives benefits is bound to pay for them. No valid jurisdictional ordinance could ever be passed upon an unconstitutional statute; yet in cases similar to the one at bar this court has repeatedly refused to consider the unconstitutionality of statutes authorizing an assessment of the cost of street improvements against abutting owners, where the owners stood by and saw the improvements without raising these questions. *Avery* v. *Atlanta, Montezuma* v. *Brown,* and *Farris* v. *Manchester,* supra." In *Mayor &c. of Montezuma* v. *Brown,* supra, the court, in concluding the opinion, stated: "From this viewpoint [that is failure to appeal to a court of equity before the improvements were made and accepted] the grant of a judgment continuing the restraining order was error, regardless of the validity or invalidity of the ordinances of the city, and whether the assessments and the levy were originally void, just as under similar circumstances the complainants in the *Avery* case, supra, were held not entitled to equitable relief even though the law under which the assessments were made in that case was violative of the constitutions of Georgia and of the United States." We do not deem it necessary to cite further decisions which have made similar application of this principle. In the instant case, with ample notice of the intention to do the paving and make the assessment and proportion thereof, the plaintiff without protest permitted the improvements to be made and accepted their benefits. Under the principles discussed above, he can not now complain that the assessment made was arbitrary. We think the judge made a wholesome application of the doctrine of laches.

*Judgment affirmed. All the Justices concur.*