### WALL v. MAYOR &C. OF MILLEDGEVILLE *et al.*

DUCKWORTH, Justice. 1. Where a city has jurisdiction and power to pave its streets and intersections and makes a contract for such work, and assessments are made against abutting-property owners for the cost of the work done under the contract, all the provisions and requirements of the special act authorizing such paving and assessments having been complied with by the city, an abutting-property owner, who has been given fair opportunity to object to the street improvement and assessment against his property, but who stands by and sees the street improvements completed without entering any objection thereto, is not entitled, by reason of his laches, to relief in equity by injunction to prevent the collection of a paving-assessment execution. *Raines* v. *Clay,* 161 *Ga.* 574, 577 (131 S. E. 499) ; *Avery* v. *Atlanta,* 163 *Ga.* 591 (136 S. E. 789) ; *Mayor &c. of Montezuma* v. *Brown,* 168 *Ga.* 1, 14 (147 S. E. 80) ; *Bower* v. *Bainbridge,* 168 *Ga.* 616, 624 (148 S. E. 517) ; *Bass* v. *Mayor &c. of Milledgeville,* 180 *Ga.* 156 (178 S. E. 529) ; *Kinney* v. *Mayor &c. of Milledgeville,* 185 *Ga.* 866 (196 S. E. 467).

2. Where in an equitable petition to enjoin the enforcement of a paving-assessment execution, it is shown that an affidavit of illegality had been interposed to such enforcement, but without disclosing the grounds upon which the affidavit of illegality was based, and the petition sets forth various grounds why the assessment execution is invalid, and an injunction is prayed, the petitioner must be held to have made an election substituting the equitable petition for the affidavit of illegality previously interposed; and the pendency of the affidavit of illegality does not affect the issue of laches. *Bass* v. *Mayor &c. of Milledgeville,* supra.

3. The allegations and prayers of the petition, which sought to enjoin enforcement of an execution issued by the defendant city against the petitioner's property for the collection of a paving assessment, do not show that the city was without jurisdiction and power to enter into the paving contract or that proper notice was not afforded the petitioner to object to the paving and assessments, but show that the petitioner stood by and made no complaint until the work had been completed and until bonds, to be paid off from the collection of assessments, had been sold. Though an affidavit of illegality was interposed to the en-

forcement of an assessment execution against the petitioner's property, and was dismissed, and a motion to set aside the judgment of dismissal was made on undisclosed grounds and is alleged to be still pending, the petitioner, by reason of his equitable petition, must be held to have substituted it for the proceeding at law. Under the above-cited authorities the petition was subject to the general demurrer on the ground of laches.

4. The contention that the paving execution was void, because at the time of its issuance the charter of the City of Milledgeville (Ga. L. 1900, p. 345) had expired, is without merit, in that the act granting the charter contains no provision for expiration. The Code, § 22-302, which provides for the chartering of certain corporations for a period not exceeding twenty years, is not applicable to municipal corporations.

*Judgment affirmed. All the Justices concur.*