22833.   BROWN et al. v. CITY OF MARIETTA et al.

ARGUED FEBRUARY 8, 1965—DECIDED APRIL 8, 1965—
REHEARING DENIED APRIL 20, 1965.

*Hicks & Howard, G. Robert Howard,* for plaintiffs in error. *Crowe, Shipley & Martin, Arthur L. Crowe, Jr., Ben F. Smith, R. M. Reed,* contra.

*L. Clifford Adams, Jr.,* for party at interest not party to record.

HEAD, Presiding Justice. ■ Where the charter of a municipal corporation contains no provision for the expiration or forfeiture of its charter, it does not expire, nor is it forfeited, by nonuser of its powers. *City of Atlanta v. Gate City Gas Light Co.,* 71 Ga. 106; *Wall v. Mayor &c. of Milledgeville,* 197 Ga. 165 (28 SE2d 131). The rule in Georgia is the general rule in the jurisdictions of this country. 2 McQuillin on Municipal Corporations, 3rd Ed., 421, § 8.05; 62 CJS 230, Municipal Corporations, § 103; 37 Am. Jur. 639, Municipal Corporations, § 22. The charter of the Town of Elizabeth (Ga. L. 1885, p. 377) contains no provision for expiration or forfeiture, and the charter of 1885 was not null or void because of laches at the time of the amending act in 1964 (Ga. L. 1964, Ex. Sess., pp. 2179-2201).

■ It is contended that the act of 1885 incorporating the Town of Elizabeth is unconstitutional and void because of the discrimination in taxation, in that the charter of the Town of Elizabeth exempts from municipal taxation all real and personal property used for agricultural purposes. Under Art. VII, Sec. II, Par. I (Code of 1933, § 2-5001) of the Constitution of 1877, and Art. VII, Sec. I, Par. III (*Code Ann.* § 2-5403) of the Constitution of 1945, all taxation must be uniform, except that under the Constitution of 1945 the General Assembly may classify property for taxation. In *Smith v. Mayor &c. of Americus,* 89 Ga. 810 (15 SE 752), decided in 1892, it was held that a charter provision of the City of Americus attempting to exempt real property used for farming purposes from taxation, under the Constitution of 1877, was null and void. The charter provision in the act of 1885 purporting to exempt property used for agricultural purposes in the Town of Elizabeth was unconstitutional and void. The invalidity of a charter provision purporting to exempt property used for agricultural purposes

from taxation does not vacate, annul, or repeal the valid charter provisions of the city or municipality. *Hancock v. State,* 114 Ga. 439 (2) (40 SE 317); *Bass v. Lawrence,* 124 Ga. 75 (3) (52 SE 296); *Edalgo v. Southern R. Co.,* 129 Ga. 258 (58 SE 846); *Lee v. Tucker,* 130 Ga. 43 (60 SE 164); *Sister Felicitas v. Hartridge,* 148 Ga. 832 (98 SE 538).

■ It is alleged that on September 16, 1963, an order was signed by the judge of the superior court which restrained and enjoined the defendant ordinary from holding an election under the act of 1885 incorporating the Town of Elizabeth, and that such order being unreversed, is res judicata as to the validity of the act of 1885. These allegations are wholly insufficient as a plea of res judicata. The judgment in the former case is not alleged or shown, and it is not shown that the validity of the act of 1885 was expressly or necessarily involved and ruled upon by the trial judge. *Fenwick Shipping Co. v. Clarke Brothers,* 133 Ga. 43, 48 (4) (65 SE 140). In *Scarborough v. Edgar,* 176 Ga. 574 (3) (168 SE 592), this court ruled: "A plea of res adjudicata must set forth fully all the proceedings in the alleged former adjudication which is pleaded in bar of the action." Both the *Fenwick* and *Scarborough* cases are full-bench decisions and are controlling as to the deficiency of the allegations of res judicata in the present case.

■ The petitioners allege that the act of 1964 (Ga. L. 1964, Ex. Sess., pp. 2179-2201) is in conflict with Ga. L. 1963, p. 251, which provides: "No local act granting a municipal charter shall be enacted wherein any part of the proposed corporate boundary shall be less than three (3) miles distant from the corporate boundary of any municipality." *Code Ann.* § 69-1402. It is averred that a local act in conflict with a general act can not stand as a valid separate act.

In division one of this opinion we have ruled that the original charter of the Town of Elizabeth (Ga. L. 1885, p. 377) was not forfeited or terminated by a nonuser of its charter powers. The 1964 act (Ga. L. 1964, Ex. Sess., pp. 2179-2200) recites in part in the caption: "An Act to amend, consolidate, revise and supersede an Act incorporating the town of Elizabeth, in the county of Cobb, State of Georgia, approved October 8, 1885 (Ga. L.

1885, p. 337); to create a new charter for said city; to change the name from the Town of Elizabeth to the City of Elizabeth; to define the territorial limits of said city; etc." Where a municipality was created prior to the 1963 act (Ga. L. 1963, p. 251) the restrictions of the 1963 act do not purport to apply to an amendatory act. To construe the 1963 act as applicable to acts amending the corporate powers of municipalities in existence prior to the 1963 act would violate the plain and unambiguous language of the 1963 act, and the Constitutional prohibition (Constitution, Art. I, Sec. III, Par. II; *Code Ann.* § 2-302) against enactment of retroactive laws.

Allegations of a pleading in contradiction of legislative enactments can not form the basis of a cause of action, since courts of this State are bound to take judicial notice of "all laws and resolutions of the General Assembly." *Code* § 38-112. Thus, whether or not the engine house of Frank G. North Chemical Company is the same point as the engine house of the former American Marble Cutting Company is not germane to the location of the corporate limits of the City of Elizabeth, since it is not alleged that the engine house of the Frank G. North Chemical Company, named as the point for determining the charter limits under the 1964 act, is not presently in existence.

Under the allegations of fact in the present case, members of this court might not agree that the act incorporating the City of Elizabeth is wise legislation. However, it has always been the rule that the wisdom of legislation is a matter for the General Assembly and not this court. *Flint River Steamboat Co. v. Foster*, 5 Ga. 194 (2) (48 AD 248); *Thompson v. Eastern Air Lines, Inc.*, 200 Ga. 216, 224 (39 SE2d 225); *Franklin v. Harper*, 205 Ga. 779, 792 (55 SE2d 221).

The trial court erred in overruling the general demurrers of the defendants.

*Judgment reversed. All the Justices concur.*