Mr. James L. Livingston Attorney for the Highlands County Hospital District 445 S. Commerce Avenue Post Office Box 1068 Sebring, Florida 33870
Dear Mr. Livingston:
This is in response to your request for an Attorney General's Opinion on substantially the following question:
 IS THERE ANY LEGAL IMPEDIMENT OR RESTRICTION ON THE POWER OF THE BOARD OF COMMISSIONERS OF THE HIGHLANDS COUNTY HOSPITAL DISTRICT TO RESUME ITS POWER OF TAXATION PURSUANT TO s 26, CH. 61-2232, LAWS OF FLORIDA, AS AMENDED BY CH. 81-384, LAWS OF FLORIDA, AFTER FAILING TO EXERCISE SUCH POWERS OF TAXATION?
Your letter states that the Board of Commissioners of the Highlands County Hospital District has, pursuant to s 155.40, F.S. (1984 Supp.), entered into a lease with a private, not-for-profit corporation for the operation and maintenance of the hospital previously established, operated and maintained by the hospital district. During the term of the lease with the private corporation, the board anticipates that it may not be necessary to annually levy a tax for purposes of the district. You question whether the authority of the board of commissioners to levy a tax pursuant to s 26, Ch. 61-2232, Laws of Florida, as amended by s 26, Ch. 81-384, Laws of Florida, would be restricted or limited for any year subsequent to a year during which it does not exercise its taxing powers.
Chapter 61-2232, Laws of Florida, creates and incorporates the Highlands County Hospital District as a special tax district. Pursuant to s 26, Ch. 81-384, Laws of Florida, amending Ch. 61-2232.
 The board of commissioners of the Highlands county hospital district is authorized and directed annually to levy . . . a sufficient tax necessary for the purposes and needs of the district incurred in the exercise of the powers and purposes herein granted. . . . The tax levy authorization provided for herein shall not be subject to repeal or revision downward so long as the Highlands County Hospital District continues to be a provider of health care services to indigent residents of Highlands County to the end that the Board may offset the losses occasioned by the provision of such services from tax receipts.
 It is clear that it is the Legislature which has created the Highlands County Hospital District for the purposes originally set out in Ch. 61-2232, Laws of Florida. Once a taxing district has been lawfully established it will retain its character until changed in some manner authorized by law. 84 C.J.S. Taxation s 306. As taxing districts are created by legislative act, the sole method of termination of their legal status is by legislative act or in a manner authorized by legislative act. See, for example Ch. 165, specifically s 165.052, F.S. Cf., AGO 77-92 in which it was concluded that the Lee County Housing Authority, created under Ch. 412, F.S., and activated by the board of county commissioners, remained a valid public corporation or public quasi corporation even though it had been inactive for a period of approximately 10 years and that the dissolution of the housing authority could not be effected by the adoption of a resolution of need by the Lee County Board of Commissioners; and AGO 76-236 wherein it was stated that legislative failure to provide funds for travel expenses and staff of the State Board of Building Codes and Standards did not operate to abolish said board, such board continued in existence until statutory authority for its existence was either expressly or impliedly repealed by the Legislature.
 This rule has been applied by courts considering the status of municipal corporations which have remained dormant for extended periods of time. Thus, in Treadwell v. Town of Oak Hill, 175 So.2d 777, 778 (Fla. 1965), the court held that the town of Oak Hill was a "valid, subsisting municipality" notwithstanding the fact that the last meeting of the town commissioners had been held on July 2, 1930. The court ruled that only the Legislature had the authority to abolish municipalities and that "[a] non-user of municipal powers does not result in dissolution." (e.s.) Accord, Brown v. City of Marietta, 142 S.E.2d 235 (Ga. 1965), holding that a municipal charter had not expired or been forfeited although it had not been activated for 79 years and no city officials had ever been appointed or elected; 62 C.J.S. Municipal Corporations s 103, p. 230, stating that a municipal corporation may not surrender the municipal charter unless authority to do so has been conferred by law; AGO's 77-92, 76-96. Cf., s 165.052, F.S., which provides that the Secretary of State shall, by proclamation, declare inactive any municipality or special district in this state upon the filing of a report by the Department of Community Affairs which shows that the municipality or special district is no longer active based upon a finding that certain specified activities have not occurred including, in subsection (1)(b), that the special district has not had appointed or elected a governing body within the 4 years immediately preceding or as otherwise provided by law or has not operated within the 2 years immediately preceding; s 165.052(2), F.S., which requires the state agency charged with collecting financial information from special districts to report to the Department of State and the Department of Community Affairs any special district which has failed to file a report within the time set by law.
 The provisions of s 155.40, F.S. (1984 Supp.), do not affect the organization or existence of the Highlands County Hospital District but authorize the district to reorganize the district hospital as a not-for-profit corporation or to contract or enter into a lease with a not-for-profit Florida corporation for the purpose of managing and operating such facilities. Thus, the exercise by the Board of Commissioners of the Highlands County Hospital District of its authority (pursuant to s 155.40) to enter into a lease with a private not-for-profit corporation would not affect the authority of the district "to levy . . . a sufficient tax necessary for the purposes and needs of the district . . ." as it is directed to do by s 26, Ch. 81-384, Laws of Florida. A determination by the Board of Commissioners of the Highlands County Hospital District as to the amount of tax which is sufficient "for the purposes and needs of the district" is within the discretion of the district and this office will not comment thereon. However, it does not appear that a determination by the board that no levy is necessary to meet the needs of the district for a particular fiscal year would limit or foreclose the authority of the board to levy taxes for the needs and purposes of the district in subsequent years.
 Therefore, it is my opinion that if the Board of Commissioners of the Highlands County Hospital District does not levy a tax in a particular year after determining that no such levy is necessary to meet the needs of the district, the board will not be foreclosed or limited in its authority to levy a sufficient tax necessary for the purposes and needs of the district in subsequent years.
Sincerely,
Jim Smith Attorney General
Prepared by:
Gerry Hammond Assistant Attorney General